**Charles E. LITTLE, Jr.**

v.

**FEDERAL BUREAU OF INVESTIGATION, et al.**

**Civ. No. S 91–3382.**

United States District Court, D. Maryland.

July 7, 1992.

Frank W. Dunham, Jr., Brian P. Gettings, John E. Gagliano, Cohen, Gettings &

Dunham, Arlington, Va., and Robert F. Kahoe, Jr., Bel Air, Md., for Little.

Stuart M. Gerson, Asst. Atty. Gen., Anne M. Gulyassy, Felicia L. Chambers, U.S. Dept. of Justice, Federal Programs Branch, Civ. Div., Toni M. Tell, Terri Quinn, Legal Counsel Div.–FBI, U.S. Dept. of Justice, Washington, D.C., for F.B.I.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This case is before the Court on the defendants' motion for judgment on the pleadings and to dismiss the second amended complaint. Although the defendants raise a number of grounds in support of their motion, it is necessary only to discuss several of them in order to arrive at a dispositive decision on that motion.

The grounds for dismissal on the merits asserted by the defendants essentially go to the legal sufficiency of the complaint, and, thus, are judged under the standards of Fed.R.Civ.P. 12(b)(6), whether captioned as such or as a motion for judgment on the pleadings. Indeed, it would appear that a motion for judgment on the pleadings is plainly inappropriate here, because the pleadings have not been closed by answers from all defendants, *see* 5A Charles A. Wright & Arthur Miller, *Federal Practice & Procedure:* § 1369, at 532 n. 5 (1990). At any rate, the Rule 12(c) motion is treated as fungible with the Rule 12(b)(6) motion when the gravamen of the motion is a challenge to the legal sufficiency of the complaint. *Id.* at n. 6. It is familiar law that, on a Rule 12(b)(6) motion, the plaintiff is entitled to have his pleadings taken as true, *see, e.g., Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), but, of course, there is no corresponding entitlement to have the law taken as favoring him over the defendant. Rather, the Court is to apply the law, as neutrally discerned by it, to the plaintiff's allegations, treating those allegations as true and construing the factual inferences arising therefrom in the plaintiff's favor.

All that having been said, however, the defendants are clearly entitled to prevail on their motion, because the second amended complaint, no matter how much the facts contained therein are construed in plaintiff's favor, fails to state actionable claims under settled law.

Preliminarily, the defendants make several procedural challenges to the Court's exercise of jurisdiction, including challenges as to service and venue, none of which needs to be discussed in light of the disposition of the case on the merits, *post.*

The second amended complaint discloses that the plaintiff was employed as a Special Agent of the F.B.I. with full law enforcement powers from November 1983 until his termination in January of 1991. The complaint also states that the plaintiff has been a chronic alcoholic, "perhaps during his entire tenure with the F.B.I. and earlier." In July, 1988, the plaintiff was enmeshed in the third alcohol-related incident occurring during his F.B.I. career, although the incident itself occurred off-duty. This incident resulted in a conviction, on December 28, 1988, for the offense of driving while intoxicated. The defendant was so convicted in the state court of Maryland for Harford County, and he was put on 18 months probation under a drunk driving monitor program, which itself was supervised by the Maryland Parole and Probation Department.

Another incident of drunk driving occurred on December 19, 1989, after which the plaintiff went to his F.B.I. supervisor for assistance. The supervisor referred the plaintiff to private alcohol abuse counselling, and, eventually, the plaintiff did receive out-patient treatment through another physician, from which he was discharged in March of 1990. During the period of treatment, plaintiff had been placed on limited duty, and he returned to work after completion of the treatment program. According to the second amended complaint, the plaintiff suffered a relapse which culminated in his being intoxicated on duty on May 16, 1990, only 12 days after his restoration to duty. The plaintiff then entered an in-patient treatment program in which he stayed until June 4, 1990. The plaintiff returned to duty on June 5, whereupon he was interviewed about the episode

of May 16. Eventually, F.B.I. officials contacted the plaintiff's drunk driving monitor and reported the May 16 incident, and, a probation violation proceeding was later instituted against the plaintiff in state court. After administrative proceedings, plaintiff's F.B.I. employment was terminated.

A number of legal claims are pressed in the second amended complaint, the factual allegations of which have been adequately summarized above.

■ The plaintiff's first legal claim is for violation of the Rehabilitation Act, 29 U.S.C. § 791 *et seq.* It has been flatly held that an F.B.I. Special Agent who is an alcoholic and who manifests such conduct on duty is not within the protection of the Rehabilitation Act, because he is not "otherwise qualified." (An "otherwise qualified" person is one who is able to meet all of a program's requirements in spite of his handicap. *Southeastern Community College v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979).)

For reasons cogently and completely stated by the United States Court of Appeals for the Fifth Circuit in *Butler v. Thornburgh*, 900 F.2d 871 (5th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 555, 112 L.Ed.2d 562 (1990), which reasons need no repetition here, an F.B.I. Special Agent who is an alcoholic is simply not within the coverage of the Rehabilitation Act and the regulations implementing it. Any other holding would subvert common sense, and the Acts of Congress must be construed so as to make common sense. The Court is aware that the Supreme Court, in *School Bd. of Nassau County, Fla. v. Arline*, 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987), held that the determination of "otherwise qualified" is a factual inquiry; that holding, however, does not preclude summary judgment where, as here, the natures of both job and impairment are such that reasonable people could not disagree on the outcome. For the reasons stated in *Butler, supra*, this is such a case.

Even putting *Butler* to one side, a very recent Fourth Circuit case precludes any claim by plaintiff that he should have been "reasonably accommodated" by transferring him to another, non-Agent, F.B.I. job. In *Guillot v. Garrett*, 970 F.2d 1320, 1326–27 (4th Cir.1992), the court held that there is no duty imposed on a federal agency to find another job as a "reasonable accommodation" for an employee who is unfit for the performance of his or her duties in his or her present position. Manifestly, plaintiff, as of the date of his termination, was unfit to continue as an armed federal law enforcement officer, and there was no duty, under *Guillot*, upon the F.B.I. to find him another, less sensitive, job. Thus, the Government is entitled to dismissal of Count I, because it fails to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6).

■ Turning to Count II, the Court is of the opinion that release to probation authorities of certain information plaintiff provided to his supervisors when he returned to duty in June of 1990 did not violate his constitutional rights. There are a number of reasons supporting this conclusion. First, the issue here is analogous to that in *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), in which the Supreme Court refused to find a constitutional violation in the dissemination of information about an individual's criminal proclivities. Although *Paul v. Davis* arose under § 1983, this Court is of the opinion that it should apply with equal force in a *Bivens v. Six Unknown Agents of F.B.I.*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), action such as this. Second, the existence of adequate civil service protection precludes the maintenance of a *Bivens* action here under the rule in *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). *See Pinar v. Dole*, 747 F.2d 899 (4th Cir.1984), *cert. denied*, 471 U.S. 1016, 105 S.Ct. 2019, 85 L.Ed.2d 301 (1985). Third, on the bottom line, the allegations of violation of the Fifth Amendment simply do not make sense. The defendants, although clothed with the authority to enforce federal law, had absolutely no authority to enforce the laws of Maryland, and, thus, they were not in a position to exercise the authority of their office in

such a way as to violate plaintiff's Fifth Amendment rights. They were essentially acting as private citizens in bringing to the attention of state authorities information that was important to the state function of law enforcement and the protection of its citizens. (Indeed, it is questionable whether a Fifth Amendment privilege attaches to any kind of probation revocation proceeding. *See Minnesota v. Murphy,* 465 U.S. 420, 435 n. 7, 104 S.Ct. 1136, 1146 n. 7, 79 L.Ed.2d 409 (1984).) Fourth and finally, because it is clear as a matter of law from the second amended complaint that the individual defendants' conduct could not have been said to violate *clearly established* law, they are obviously entitled to qualified immunity as a matter of law. *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

■ As for the remaining claim, for violation of the Privacy Act, 5 U.S.C. § 552(a), assuming that the proper defendant(s) is (are) before the Court on that count, the claim fails to state a claim upon which relief can be granted. The Court may take judicial notice of the provisions of federal regulations that allow routine disclosure of personnel matters to state or local government agencies, including probation officers, where access is directly related to an enforcement function of the recipient criminal justice agency. 54 Fed.Reg. 42060, 42066–68, and 42080 (Oct. 13, 1989). This being the case, the "routine use" provision of the Privacy Act, 5 U.S.C. § 552a(b)(3), as amplified in 5 U.S.C. § 552a(a)(7) and § 552a(e)(4)(D), is applicable to this case on the allegations of the amended complaint, and it precludes imposition of liability on the theory of violation of the Privacy Act. *See generally Britt v. Naval Investigative Service,* 886 F.2d 544 (3d Cir.1989) (NIS' disclosure of information about employee to his *civilian* employer not compatible with purpose for which information was collected and therefore was not a "routine use"); *Kimberlin v. Dept. of Justice,* 788 F.2d 434, 437–38 (7th Cir.), *cert. denied,* 478 U.S. 1009, 106 S.Ct. 3306, 92 L.Ed.2d 719 (1986) (probation officers considered law enforcement officials as term is generally used in Privacy Act).

Furthermore, the requirement that the Privacy Act violation must have actually caused compensable injury to the plaintiff, *see Hubbard v. U.S. E.P.A., Adm'r.,* 809 F.2d 1, 4–6 (D.C.Cir.1986), *vacated in part on other grounds & aff'd sub nom. Spagnola v. Mathis,* 859 F.2d 223 (D.C.Cir.1988) (en banc), *aff'd in part, rev'd in part after remand,* 949 F.2d 453 (D.C.Cir.1991), is not made out here, because it is clear that the alleged Privacy Act violation was not causally related to plaintiff's job loss, *id.,* and because there already existed sufficient evidence of violation of probation (a second DWI arrest) to justify revocation of probation under Maryland law, which evidence was known beforehand to the state probation officer. Additionally, sound policy reasons counsel against awarding damages for violation of the Privacy Act where the "injury" flows from a well-founded criminal proceeding, even in cases where the Privacy Act violation is sufficiently causally related to the prosecution.

For the reasons stated, an Order will be entered separately, dismissing the second amended complaint herein for failure to state any claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

### ORDER

For the reasons stated in the foregoing Memorandum Opinion entered herewith, IT IS, this 7th day of July, 1992, by the Court, ORDERED:

That the second amended complaint BE, and IT hereby IS, DISMISSED, for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).