Charles E. LITTLE, Jr.,
Plaintiff–Appellant,

v.

FEDERAL BUREAU OF INVESTIGA-
TION; Joseph V. Corless; John Doe;
William P. Barr, Attorney General of
the United States, Defendants–Appel-
lees.

No. 92–2058.

United States Court of Appeals,
Fourth Circuit.

Argued May 5, 1993.

Decided Aug. 10, 1993.

John Edward Gagliano, Cohen, Gettings,
Dunham & Harrison, Arlington, VA, argued
(Brian P. Gettings, Frank W. Dunham, Jr.,
Cohen, Gettings, Dunham & Harrison, on the
brief), for plaintiff-appellant.

Edward Terrell Swaine, Civ. Div., U.S.
Dept. of Justice, Washington, D.C., argued
(Stuart M. Gerson, Asst. Atty. Gen., Richard
D. Bennett, U.S. Atty., Robert V. Zener, Civ.
Div., U.S. Dept. of Justice, on the brief), for
defendants-appellees.

Before HALL, Circuit Judge, SPROUSE,
Senior Circuit Judge, and MICHAEL,
United States District Judge for the Western
District of Virginia, sitting by designation.

### OPINION

MICHAEL, District Judge:

This case arose out of the termination of
Charles E. Little, Jr. from his employment
as a special agent with the Federal Bureau of
Investigation ("FBI"). In his complaint,*
Little asserted claims under the Rehabilita-
tion Act, the Privacy Act, and *Bivens*. The
district court dismissed all of Little's claims

---

* "Complaint" herein refers to the Second Amend- ed Complaint.

pursuant to Fed.R.Civ.P. 12(b)(6), 793 F.Supp. 652 (D.Md.1992). On Little's appeal, we affirm.

## I.

In reviewing a dismissal based on insufficiency of the complaint, we accept as true the allegations of the complaint and draw any permissible inferences therefrom in favor of the plaintiff, in this case Little.

Little was employed as a special agent with the FBI for more than seven years before his termination on January 14, 1991. He had been assigned to the Baltimore Division since 1986. Little was an alcoholic, perhaps during his entire tenure with the FBI. His superiors knew of his problems with alcohol, but his job performance evaluations were always at least "fully satisfactory" and never "unacceptable."

Prior to December 1989, Little was involved in three separate alcohol-related incidents. The third incident was a July 1988 off-duty drunk-driving episode, which resulted in a December 1988 conviction for driving while intoxicated. As part of his sentence for that conviction, Little was placed on 18 months probation. Following this incident, Little unsuccessfully attempted on his own to quit drinking.

On December 19, 1989, Little was involved in another off-duty drunk-driving incident for which he was again charged with driving while intoxicated. He reported this incident to his superiors, and, recognizing that he needed professional treatment for his alcoholism, he sought assistance from his supervisor.

At that time, the FBI had in place an Employee Assistance Program ("EAP") which was designed, *inter alia*, to assist employees who were suffering from various handicaps, including alcoholism. Under the EAP, the FBI had specially designated and trained counselors, who were on duty in the Baltimore field office and at the Washington, D.C. headquarters. In addition, the FBI had regulations regarding procedures to assist and manage alcoholic employees, which regulations were set out in the FBI's Manual of Administrative Operations and Procedures ("MAOP"). The MAOP's alcoholism program provided that "[a]n employee who has accepted treatment will be dismissed only when he/she has been granted sick leave, treatment has failed, and he/she is clearly not capable of meeting the demands of the job." MAOP § 15–3.1. The MAOP further provided that, notwithstanding the provisions of the alcoholism program, "FBI policy continues to require that employees should never cause themselves to be mentally or physically unfit for duty." MAOP § 15–3.3(2).

Little was not referred to an EAP counselor but was instead referred to a private physician, who directed Little to an outpatient alcohol treatment program. During treatment, Little was placed on limited duty status, but he was not apprised of the nature or terms of that status. He completed the outpatient program in March 1990, and he was reinstated to full duty on May 4, 1990.

Despite having completed a treatment program, Little relapsed into alcohol abuse, and on May 16, 1990, he was intoxicated while on duty, to an extent that he was escorted to his home by two of his fellow agents. Following that incident, Little entered and completed an inpatient alcohol treatment program. He has engaged in no further drinking since May 16, 1990.

Little was discharged from the inpatient program on June 4, 1990, and he returned to work the next day. Upon his return to work, he was interviewed by his superiors about the May 16, 1990 incident. After Little admitted to drinking on duty, he was asked to resign. When he refused to resign, he was told that he would be treated like a clerk, and he was in fact given exclusively clerical duties thereafter. In addition, his superiors informed the appropriate state court of his drinking, which would constitute a violation of his probation.

Little received a letter dated September 21, 1990 from Assistant FBI Director Kennedy, to the effect that serious consideration was being given to Little's termination from the FBI. Finally, on January 14, 1991, Little was terminated. A "Notification of Personnel Action" dated January 17, 1991, which gave Little formal notice of his removal as a

special agent, stated that he was terminated because of his "inability to conform to the FBI's established standards that special agents must remain mentally and physically fit for duty at all times."

This lawsuit followed. In his complaint, Little asserted claims under the Rehabilitation Act, the Privacy Act, and *Bivens*. The FBI filed a "Motion for Judgment on the Pleadings and to Dismiss the Second Amended Complaint." The district court treated the motion as one made under Fed.R.Civ.P. 12(b)(6) and dismissed all of Little's claims. In dismissing the Rehabilitation Act claim, the district court primarily relied on the Fifth Circuit opinion in *Butler v. Thornburgh*, 900 F.2d 871 (5th Cir.), *cert. denied*, 498 U.S. 998, 111 S.Ct. 555, 112 L.Ed.2d 562 (1990), for the principle that "an F.B.I. Special Agent who is an alcoholic and who manifests such conduct on duty is not within the protection of the Rehabilitation Act, because he is not 'otherwise qualified.'" App. at 71.

## II.

On appeal, Little raises only the issue of whether Count I of his complaint states a claim for the violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701–797b. Since the court below dismissed Count I of the complaint as a matter of law, review in this court is de novo.

At the heart of this appeal, the parties are sharply divided in their views of the reason for Little's termination. The appellant alleged in his complaint and now asserts on appeal that his employment with the FBI was terminated because of his alcoholism. The appellant argues that the district court erred by construing facts in favor of the FBI and against Little; by failing to undertake an "individualized inquiry" of the facts as mandated by *School Board of Nassau County v. Arline*, 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987); by following *Butler v. Thornburgh, supra;* and by holding that Little was not entitled to reasonable accommodation as provided for in *Rodgers v. Lehman*, 869 F.2d 253 (4th Cir.1989). On the other hand, the appellee claims that Little was fired because he was intoxicated while on duty. In other words, the appellee maintains

that Little was fired because of misconduct, not alcoholism. Indeed, in our view, the case turns on whether Little was terminated because of his alcoholism or because of his misconduct. Only if Little has alleged facts to support his claim that he was terminated because of his alcoholism has he stated a claim under the Rehabilitation Act.

■ Little brought his claim under both Sections 501 and 504 of the Rehabilitation Act, 29 U.S.C. §§ 791 and 794. Section 501 imposes an affirmative duty on federal agencies toward handicapped applicants and employees. 29 U.S.C. § 791(b). Section 504 provides that "[n]o otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency...." 29 U.S.C. § 794. Thus, to be entitled to the protection of the Rehabilitation Act, the handicapped person must be "otherwise qualified." 29 U.S.C. § 794. It is settled that alcoholism is a handicapping condition within the meaning of the Act. *Rodgers v. Lehman*, 869 F.2d 253, 258 (4th Cir.1989).

The phrase "otherwise qualified" has been interpreted by the Supreme Court on several occasions. In *Southeastern Community College v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979), the Supreme Court said that "[a]n otherwise qualified person is one who is able to meet all of a program's requirements in spite of his handicap." In a more recent case, the Supreme Court revisited the issue and stated that "[i]n the employment context, an otherwise qualified person is one who can perform 'the essential functions' of the job in question." *Arline*, 480 U.S. at 287 n. 17, 107 S.Ct. at 1131 n. 17. Moreover, even if a handicapped employee is not able to perform the essential functions of the job, "the court must also consider whether any 'reasonable accommodation' by the employer would enable the handicapped person to perform those functions." *Id.* at 287 n. 17, 107 S.Ct. at 1131 n. 17. Finally, the employer must make reasonable accommodation for a handicapped

employee unless reasonable accommodation would impose "undue hardship" on the employer.

The application of the Rehabilitation Act, especially in the context of termination after misconduct, is illuminated by its implementing regulations. In developing regulations to implement Section 504 in 1977, the Secretary of Health, Education, and Welfare (later Health and Human Services) solicited the opinion of the Attorney General as to whether an alcoholic or a drug addict is a "handicapped individual" under the Act. While the Attorney General concluded that both alcoholics and drug addicts are handicapped individuals for purposes of Title V of the Act, which includes Sections 501 and 504, he made clear that the Act does not protect alcoholics or drug addicts from the consequences of their misconduct. Specifically, the Attorney General stated that the Act does not "prevent the application to persons suffering from alcoholism or drug addiction of reasonable rules of conduct, such as prohibitions against the possession or use of alcohol or drugs" at the location of the employment or the federally assisted project. 43 Op. Att'y Gen. No. 12, 1977 WL 17999 at *1.

Both the Secretary of Health, Education, and Welfare and the Civil Service Commission cited the Attorney General's opinion in promulgating regulations implementing Section 504, see 42 Fed.Reg. 22,686 (1977), and Section 501, see 43 Fed.Reg. 12,294 (1978), respectively. The Secretary of Health, Education, and Welfare specifically stated that the employer "may hold a drug addict or alcoholic to the same standard of performance and behavior to which it holds others, even if any unsatisfactory performance or behavior is related to the person's drug addiction or alcoholism." 42 Fed.Reg. 22,686 (1977). The Secretary also noted that the various behavioral manifestations of the employee's condition may be considered by the employer, and "rules prohibiting the possession or use of alcohol and drugs in the workplace" may be enforced against all employees. Id. Equally pointed is the Civil Service Commission commentary to the effect that an alcoholic employee may be terminated "if there is a nexus between such abuse or use

and the nature of the employment or if the symptoms resulting from the use of these substances may be so severe that such use, in and of itself, will be sufficient to justify an adverse suitability determination." 43 Fed. Reg. 12,294 (1978). While these agency statements are not binding authority, we accord them considerable deference. See Richland–Lexington Airport Dist. v. Atlas Properties, Inc., 901 F.2d 1206, 1208–09 (4th Cir. 1990).

Furthermore, the provisions of the FBI's Manual of Administrative Operations and Procedures ("MAOP") bear clearly on the resolution of this appeal. The MAOP established a program for the prevention and treatment of alcoholism and the rehabilitation of alcoholic employees within the FBI. However, the MAOP recited that "this program should not be construed as a relaxation of FBI standards of conduct. FBI policy continues to require that *employees should never cause themselves to be mentally or physically unfit for duty.*" MAOP § 15.-3.3(2) (emphasis added). The next subsection of the MAOP provided that while it is generally required that "rehabilitative efforts be made before disciplinary action for unsatisfactory job performance can be taken," those efforts "do not preclude agency action if ... other actions or activities are present and constitute employee misconduct." MAOP § 15–3.3(3).

In addition, a number of cases decided since the adoption of the Rehabilitation Act have considered the issue of misconduct as distinct from status as an alcoholic or drug addict. See, e.g., Taub v. Frank, 957 F.2d 8 (1st Cir.1992) (alcoholic Postal Service employee discharge because of criminal conduct). One case similar to this case involved a police officer who was found to have been a user of illegal drugs, and therefore not "otherwise qualified," because his unlawful behavior in the use of illegal drugs violated "an essential function of the officer's position to enforce the laws." Copeland v. Philadelphia Police Dept., 840 F.2d 1139 (3d Cir.1988), cert. denied, 490 U.S. 1004, 109 S.Ct. 1636, 104 L.Ed.2d 153 (1989). In a more severe case, an alcoholic Postal Service employee was held not to be protected by the Rehabili-

tation Act where he committed assault with intent to kill. *See Richardson v. USPS*, 613 F.Supp. 1213 (D.D.C.1985). As Judge Gesell noted in his opinion, the plaintiff in that case "was discharged for his criminal conduct, not because of alcoholism or poor job performance due to alcohol." *Id.* at 1215.

Based on the foregoing authority—the agency regulations implementing the Rehabilitation Act, the provisions of the FBI's MAOP, and the judicial opinions just discussed—and based on no lesser authority than common sense, it is clear that an employer subject to the Rehabilitation Act must be permitted to terminate its employee on account of egregious misconduct, irrespective of whether the employee is handicapped.

 On the record before us, it plainly appears that the appellant was fired because of his misconduct, not because of his alcoholism. The "Notification of Personnel Action" of January 17, 1991, indicated that Little's dismissal was "taken in view of his inability to conform to the FBI's established standards that special agents must remain mentally and physically fit for duty at all times." Although the notice fails to give any more specific basis for Little's termination, the only permissible inference from the allegations of the complaint is that Little was fired because he was intoxicated while on duty on May 16, 1990. Little's superiors had knowledge of his previous alcohol-related incidents, particularly the December 1989 driving-while-intoxicated charge, but the FBI did not terminate him. It is notable that Little's previous alcohol-related incidents all occurred while Little was off-duty. Rather than being terminated, Little was referred for outpatient treatment, and, after completing that treatment, he was reinstated to full duty. It was only after Little was intoxicated while on duty on May 16, 1990, and only after he admitted such during an interview by his superiors, that the FBI asked him to resign and ultimately, when he did not resign, terminated him. Without attempting to recite in detail the duties of an FBI special agent, it is certain that being intoxicated while on duty will undoubtedly prevent an FBI special agent from being "mentally and physically fit for duty at all times."

While the appellant is correct that ordinarily the district court must undertake an "individualized inquiry" into the facts, there is no such requirement where the allegations of the complaint fail to state a claim. Although the appellant made the conclusory allegation in his complaint that he was fired because of his alcoholism, that allegation is simply not supported by the other allegations of the complaint.

In short, we agree with the district court that Little was not "otherwise qualified" to be an FBI special agent. However, we also rest our decision on a different portion of the statute, a portion virtually ignored by the parties. The Rehabilitation Act applies only where the "otherwise qualified handicapped individual" is subjected to adverse action taken "solely by reason of his handicap." 29 U.S.C. § 794. In this case, it is manifest that Little was not terminated "solely by reason of his handicap." Therefore, on that basis, too, Little fails to state a claim under the Rehabilitation Act.

Because Little falls outside the protection of the Rehabilitation Act, he cannot avail himself of this circuit's five-step procedure to be followed by federal agencies in dealing with alcoholic employees. *See Rodgers v. Lehman*, 869 F.2d 253, 259 (4th Cir.1989). In any event, we need not decide whether that procedure applies to the FBI.

### III.

Based on a full review of the record, the briefs and arguments of the parties, and the opinion of the district court, we conclude that the appellant has failed to state a claim under the Rehabilitation Act. Accordingly, the judgment of the court below is

***AFFIRMED.***