**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NATALIE J. FERGUSON,
Plaintiff-Appellant,

v.

WESTERN CAROLINA REGIONAL SEWER

No. 96-1277

AUTHORITY,
Defendant-Appellee,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
Amicus Curiae.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CA-94-3404-6-20AK)

Argued: October 28, 1996

Decided: December 30, 1996

Before WIDENER and ERVIN, Circuit Judges, and BULLOCK,
Chief United States District Judge for the Middle District of
North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Julie Michaels Bondura, HARMON LAW FIRM, P.A.,
Greenville, South Carolina, for Appellant. Dori Kay Bernstein,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Amicus Curiae. Thomas Allen Bright, HAYNSWORTH, BALDWIN, JOHNSON & GREAVES, P.A., Greenville, South Carolina, for Appellee. **ON BRIEF:** Roy F. Harmon, III, HARMON LAW FIRM, P.A., Greenville, South Carolina, for Appellant. C. Gregory Stewart, General Counsel, Gwendolyn Young Reams, Associate General Counsel, Carolyn L. Wheeler, Assistant General Counsel, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Amicus Curiae. Susan Eglin Sykes, HAYNSWORTH, BALDWIN, JOHNSON & GREAVES, P.A., Greenville, South Carolina; Stephen H. Brown, HILL, WYATT, BANNISTER & BROWN, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff appeals the district court's granting of her former employer's motion for summary judgment in her action alleging employment discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. The district court found that her alleged impairments--hypothyroidism, irritable bowel syndrome, and diverticulosis--did not, either alone or in combination, constitute a disability under the ADA. Because we find that the undisputed facts show that Plaintiff was terminated for legitimate, non-discriminatory reasons unrelated to her alleged disability we do not find it necessary to consider Plaintiff's arguments concerning the proper definition of the term "disability" under the ADA. See McMahan v. International Ass'n of Bridge, Structural and Ornamental Iron Workers, 964 F.2d 1462, 1467 (4th Cir. 1992) ("We of course have the power to affirm a judgment for any reason appearing on the record, notwithstanding that the reason was not addressed below.") (citing Blum v. Bacon, 457 U.S. 132, 137 n.5 (1982)).

I.

Plaintiff was hired by Defendant in October 1973, and at the time of her termination performed the duties of clerk/typist/receptionist under the supervision of administrative assistant Beverly Gunter. Plaintiff suffers from hypothyroidism, irritable bowel syndrome, and diverticulosis. In May 1992, soon after Plaintiff's hypothyroidism was diagnosed, Defendant's executive director offered to let her work a three-day week. Plaintiff declined the offer at that time. In August 1992, Plaintiff was allowed, at her request, to work a three-day work week, the first of which ended on August 9, 1992. She worked the first day of the next week and was out for the remainder of the week. A doctor's note indicated that she was sick on August 12, 13, and 14.

On August 19, 1992, Plaintiff met with Gunter and Ray Orvin, Defendant's assistant director, for a performance evaluation. The review was critical of Plaintiff's absenteeism, and her medical problems were discussed. Plaintiff became upset. Plaintiff was told that she needed to be evaluated by a doctor to determine whether she was physically able to work the 37-1/2 hour normal work week or should take a leave of absence. Plaintiff did not want to take a leave of absence. Shortly after the meeting Plaintiff left her job and went home. According to Plaintiff, she was given permission to leave, but this is disputed. Regardless, Gunter called Plaintiff approximately three hours later and directed her to return to work. Plaintiff stated that she was sick with a migraine headache and that Orvin had given her permission to leave work. Orvin then spoke with Plaintiff and told her that she did not have permission and that she must return to work that day. Plaintiff refused, stating that she was too sick and had taken medication. However, she did drive back later to pick up her husband who was also employed by Defendant.

The next day Plaintiff saw her doctor, but did not go to work after her doctor's appointment. She attempted to call Gunter to report that she still had a headache and would not be at work, but was unable to speak with her. That afternoon Orvin contacted Plaintiff and directed her to come to the office to discuss her situation and her behavior the previous day. Plaintiff refused, stating that she was not well enough to drive to work, although she had driven to the doctor that morning.

3

Plaintiff was terminated for abandoning her job during working hours and for insubordination for her refusal to return to work. Plaintiff then filed the instant lawsuit, alleging that Defendant wrongfully terminated her employment because of her disabilities and failed to provide reasonable accommodation in violation of the Americans with Disabilities Act.

Following discovery, the district court granted Defendant's motion for summary judgment, finding that "no reasonable jury could find that Ferguson's impairments, either alone or in combination, constitute a disability under the ADA." Defendant contends that the district court's decision can be upheld on any of three grounds: (1) that Plaintiff is not disabled within the meaning of the Act; (2) that if she was disabled Defendant fulfilled its legal obligation to reasonably accommodate her; and (3) that she was terminated for legitimate, non-discriminatory reasons.

II.

It is beyond dispute that an employee may be discharged for violating a workplace rule and for insubordination. See Little v. FBI, 1 F.3d 255, 259 (4th Cir. 1993) (employer may terminate employee because of misconduct even though employee is handicapped). Even assuming that Plaintiff initially believed she had permission to leave work on August 19, she refused her supervisor's subsequent direction to return to the office, contending that she was sick. Yet she admitted in her deposition that she later drove to pick up her husband from work. Furthermore, Plaintiff was insubordinate again on August 20 when she refused to heed Orvin's instruction to return to the office to discuss her situation. Again, Plaintiff gave the excuse that she was too sick to drive, but admitted that she had driven to the doctor that morning.

The record is clear that Defendant was sympathetic and accommodating to Plaintiff's condition, literally allowing her to work when able. When Defendant finally sought to reach some understanding with her which would allow her job to be covered she became insubordinate and disobeyed her supervisor's orders to return to work on two separate days. Thus, even if Plaintiff is a person with a disability within the meaning of the ADA, she was terminated for legitimate, non-discriminatory reasons.

AFFIRMED

4