**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 96-30677**
_____

**STEVEN E. BAUSTIAN,**

**Plaintiff-Appellant,**

**VERSUS**

**STATE OF LOUISIANA, Through the Department of**
**Safety and Corrections; RICHARD L. STALDER;**
**CHARLES J. KLOPH, JR.; J. ALTON DANIELS;**
**WILLIAM T. PRICE; MORRIS E. EASLEY, JR.;**
**JAMES M. LEBLANC,**

**Defendants-Appellees.**

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-1072)
_____

February 10, 1997

Before REYNALDO GARZA, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Steven Baustian appeals the district court's dismissal of his

Americans with Disabilities Act case for failure to state a claim

---

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

upon which relief may be granted.  We affirm.

I.

Baustian was a Probation and Parole Specialist at the Department of Public Safety and Corrections in St. Bernard Parish. On October 4, 1994, police pulled Baustian over for speeding in a school zone while driving a state vehicle.  Detecting a strong odor of marijuana emanating from the state car, police arrested Baustian for possession of illegal drugs.  The undersecretary for the Department of Public Safety and Corrections fired Baustian in a November 28, 1994 letter, which noted that Baustian's possession of an illegal drug in a state car violated certain rules set out in the Corrections Services Employee Manual.

Baustian filed a claim with the Equal Employment Opportunity Commission, which determined that it did not have jurisdiction over his complaint because he was not a qualified individual with a disability under the Americans with Disabilities Act, 42 U.S.C. § 12112 *et seq.* ("ADA" or "Act").  Baustian then brought this action against the State and against various state officials.  He claims that he was discriminated against because of his addiction to marijuana in violation of the ADA, the Rehabilitation Act, Title VII, and the Civil Rights Act.  Defendants filed and the court granted a motion to dismiss Baustian's ADA claims under Rule

12(b)(6), asserting that Baustian did not state a claim because he was not a qualified individual with a disability under the Act. The court later dismissed individual defendants Kloph, Daniels, Price, Easley, and LeBlanc under principles of qualified immunity. After a status conference, the court dismissed Baustian's remaining claims under the Rehabilitation Act, Title VII, and the Civil Rights Act. The court entered a judgment in favor of all defendants.

On appeal, Baustian challenges the district court's determination that he did not state a claim for which relief could be granted under the ADA. He also claims that the state had an obligation to enroll him in a rehabilitation program, and he challenges the court's refusal to allow him to file an amended complaint and refusal to compel discovery.

## II.

We review *de novo* a district court's dismissal under Fᴇᴅ. R. Cɪᴠ. P. 12(b)(6). *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 619 (5th Cir. 1992). We should affirm dismissal if we find that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chrissy F. Medley v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). In making this determination, we must accept as true all well pleaded averments and view them in the light most favorable to the plaintiff. *American Waste &*

*Pollution Control Co. v. Browning-Ferris Indus., Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).

First we address Baustian's claim that he had alleged facts sufficient to support a claim under the ADA. The district court held that, as a matter of law, Baustian was not a qualified individual under the ADA because he was a "current" drug user at the time he was fired. The statute provides that "[f]or purposes of this chapter, the term 'individual with a disability' does not include an individual who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use." 42 U.S.C. § 12114(a). However, the statute explicitly creates an exception for drug addicts who have stopped using drugs and who are undergoing treatment. "Nothing in subsection (a) of this section shall be construed to exclude as a qualified individual with a disability an individual who ... is participating in a supervised rehabilitation program and is no longer engaging in such use...." *Id*. § 12114(b)(2). Baustian claims that the day he received the speeding ticket, he stopped using drugs and began a treatment program for his addiction))seven weeks before he was fired. The district court held that Baustian did not come within the rehabilitation exception because he was a "current" drug user at the time of his firing. The court held that, even if Baustian had not used drugs during the seven weeks between his arrest and his firing, seven-week old drug use was sufficiently current to

disqualify him as a matter of law.

We need not reach that determination here. Baustian fails to state a claim under the ADA for independent reasons. He does not challenge the state's contention that he was fired for his drug use on the job that led to his arrest and conviction. It is crystal clear under the statute that the state may fire Baustian for drug *use*, as opposed to drug *addiction*, consistent with the Act. *Collings v. Longview Fibre Co.*, 93 F.3d 828, 833 (9th Cir. 1995) (holding that employer may terminate employees consistent with ADA for drug-related misconduct, as opposed to disabling addiction itself); *Little v. FBI*, 1 F.3d 255, 259 (4th Cir. 1993) (distinguishing between disability and misconduct in context of Rehabilitation Act). Although the Act protects some drug addicts from termination based on their illness, the ADA specifically provides that an employer:

> may prohibit the illegal use of drugs and the use of alcohol at the workplace by all employees; ... may require that employees shall not be under the influence of alcohol or be engaging in the illegal use of drugs at the workplace; ... may hold an employee who engages in the illegal use of drugs or who is an alcoholic to the same qualification standards for employment or job performance and behavior that such entity holds other employees, even if any unsatisfactory performance or behavior is related to the drug use or alcoholism of such employee....

42 U.S.C. § 12114 (c)(1-2,4).

Baustian does not contend that the state fired him for any

-5-

reason other than the drug *use* incident to his arrest. Thus the State may terminate his employment without running afoul of the ADA, under the provisions of 42 U.S.C. § 12114(c). **Collings**, 63 F.3d at 832-33. Therefore, we find that Baustian does not state any facts that raise a cognizable claim under the ADA.[1] Baustian's claim that the state should have placed him in a drug rehabilitation program is irrelevant to the sufficiency of his ADA claim and we need not consider them here.

Furthermore, we affirm the district court's decision not to allow Baustian to amend his complaint and its refusal to compel discovery for the reasons articulated by the district court.

**AFFIRMED.**

---

[1] We explicitly reserve the question of whether seven weeks is a long enough rehabilitation period to bring Baustian within the protection of the Act, since we find that Baustian's claims are insufficient as a matter of law for other reasons.