**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL ADAMCZYK,
Plaintiff-Appellant,

v.

No. 97-1240

CHIEF OF POLICE OF BALTIMORE
COUNTY; BALTIMORE COUNTY,
MARYLAND,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey, II, Senior District Judge.
(CA-96-1103-H)

Submitted: January 20, 1998

Decided: January 30, 1998

Before WILLIAMS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Marshall, SCHLACHMAN, BELSKY & WEINER, P.A.,
Baltimore, Maryland, for Appellant. Virginia W. Barnhart, County
Attorney, Gregory E. Gaskins, Assistant County Attorney, Towson,
Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arose following Michael Adamczyk's demotion from the rank of lieutenant to corporal within the Baltimore County Police Department ("Police Department"). Adamczyk asserted that he was demoted because of his disabilities--alcoholism and depression--in violation of both the Americans with Disabilities Act ("ADA")[1] and the Rehabilitation Act.[2] The Police Department moved for summary judgment, asserting that Adamczyk was demoted because of his misconduct, not because of any disability. The district court granted the Police Department's motion for summary judgment, holding that Adamczyk failed to establish he was demoted because of his disabilities.[3] The district court also held that the Police Department was not required to accommodate Adamczyk.[4]  Finding no error, we affirm.

Adamczyk worked with the Police Department for over fourteen years, rising in rank from recruit to lieutenant. On June 30, 1994, Adamczyk attended a Police Department shift party, and his actions at that party were brought to the attention of the Department's Internal Affairs Section ("IAS"), which began an investigation into Adamczyk's alleged misconduct. During the shift party, Adamczyk made sexually explicit comments, simulated male masturbation, and insulted female officers present. The IAS investigation also revealed that Adamczyk gave his police badge to a county commissioner for her use in case she was stopped on her way home from the party. Dur-

_____

[1] **See** 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 1997).
[2] **See** 29 U.S.C.A. §§ 701-797b (West 1985 & Supp. 1997).

[3] **See Adamczyk v. Chief, Baltimore County Police Dep't**, 952 F. Supp. 259, 260-61 (D. Md. 1997).

[4] **Id.**

2

ing the IAS investigation, Adamczyk also "pressured" another officer to reveal the type of questions being asked about him.

The investigation resulted in Adamczyk's being charged administratively with several counts of misconduct. Following a hearing on the charges, the administrative board found Adamczyk guilty of seven counts of police misconduct, including one count of violating the Department's rule prohibiting an officer from relinquishing his police badge. The board's recommendations for demotion and transfer were later accepted by the Chief of Police.

Adamczyk asserts that he is an alcoholic and that his misconduct was a product of that disability. Adamczyk contends that his demotion therefore violated the ADA and the Rehabilitation Act. He continues that the Defendants failed to reasonably accommodate his disability when he was not given an opportunity to seek treatment prior to his demotion. The Police Department counters that Adamczyk was demoted solely on the basis of his misconduct and that at the time IAS began its investigation, Adamczyk had not revealed his alcoholism. In fact, the record established that Adamczyk did not even seek treatment for alcoholism until after he learned an investigation of his misconduct had begun.

We review the district court's summary judgment de novo.[5] Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[6] We review the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.[7]

To establish a violation of the Rehabilitation Act and Titles I and II of the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he is otherwise qualified for the employment or benefit in question; and, (3) that he was excluded from the employment or benefit

_____

[5] **See Henson v. Liggett Group, Inc.**, 61 F.3d 270, 274 (4th Cir. 1995); Jackson v. Kimel, 992 F.2d 1318, 1322 (4th Cir. 1993).
[6] **See** Fed. R. Civ. P. 56(c).
[7] **See Ross v. Communications Satellite Corp**, 759 F.2d 355, 364 (4th Cir. 1985).

3

due to discrimination solely on the basis of the disability.[8] We have previously recognized that alcoholism is a handicapping condition within the meaning of the Rehabilitation Act.[9] However, an employer subject to the Rehabilitation Act "must be permitted to terminate its employee on account of egregious misconduct, irrespective of whether the employee is handicapped."[10] Thus, an alcoholic employee may be held to the same standard of performance and behavior as other employees, even if the unsatisfactory performance or behavior is related to the employee's alcoholism.[11]

Even construing the evidence in the light most favorable to him, we conclude that Adamczyk was demoted because of his misconduct, not because of his alcoholism. Adamczyk was found guilty of several counts of conduct unbecoming a police officer, in addition to violating Police Department rules. Therefore, he has failed to establish that he was deprived of any employment or benefit due to discrimination solely on the basis of the disability.

Adamczyk contends that since at the time of the administrative hearing, the board knew he was an alcoholic, Defendants had a duty to accommodate him by permitting him to seek treatment before demoting him. We disagree. First, as the district court noted, Adamczyk is not a federal employee, so he cannot avail himself of those procedures designed to benefit alcoholic employees of federal agencies.[12] In addition, as we have already noted, an employer may fire an employee because of egregious misconduct, even if the employee suffers from a disability such as alcoholism.[13]

Because we conclude that Adamczyk failed to state a disability discrimination claim under either the ADA or the Rehabilitation Act,

---

[8] See Doe v. University of Md. Med. Sys. Corp., 50 F.3d 1261, 1264-65 n.9 (4th Cir. 1995) (substantially identical statutory language of the ADA and the Rehabilitation Act permits singular analysis).

[9] See Rodgers v. Lehman, 869 F.2d 253, 258 (4th Cir. 1989).

[10] Little v. FBI, 1 F.3d 255, 259 (4th Cir. 1993).

[11] See Little, 1 F.3d at 258.

[12] See Rodgers, 869 F.2d at 259.

[13] See Little, 1 F.3d at 258.

4

based upon the sound reasoning of the district court in its comprehensive opinion, we affirm the district court's order granting summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5