**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NORA CHISOLM; TINA WILCE; LAURA
RICHARDS; STARLETTE SEAMSTER,
Plaintiffs-Appellants,

No. 97-1970

v.

TRANSOUTH FINANCIAL CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
John A. MacKenzie, Senior District Judge.
(CA-93-632-2)

Argued: April 9, 1998

Decided: October 5, 1998

Before ERVIN, Circuit Judge, BUTZNER, Senior Circuit Judge,
and STAMP, Chief United States District Judge for the Northern
District of West Virginia, sitting by designation.

_____

Reversed and remanded by unpublished opinion. Senior Judge Butz-
ner wrote the opinion, in which Judge Ervin and Chief Judge Stamp
joined.

_____

**COUNSEL**

**ARGUED:** George Robert Blakey, NOTRE DAME LAW SCHOOL,
Notre Dame, Indiana, for Appellants. Gregory Neil Stillman, HUN-
TON & WILLIAMS, Norfolk, Virginia, for Appellee. **ON BRIEF:**

Kieron F. Quinn, Richard S. Gordon, LAW OFFICE OF KIERON F. QUINN, Baltimore, Maryland; F. Paul Bland, Jr., TRIAL LAWYERS FOR PUBLIC JUSTICE, Washington, D.C., for Appellants. Benjamin V. Madison, III, HUNTON & WILLIAMS, Norfolk, Virginia; R. Hewitt Pate, HUNTON & WILLIAMS, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

BUTZNER, Senior Circuit Judge:

Nora Chisolm and the other named plaintiffs claim TranSouth Financial Corporation committed mail fraud and conspired to commit mail fraud under the Racketeer Influenced and Corrupt Organizations Act (RICO). 18 U.S.C. § 1961 et seq. The plaintiffs appeal the district court's 12(b)(6) order dismissing their complaint for failure to state a claim. The district court held that the plaintiffs failed to sufficiently plead the element of reliance in their attempt to allege RICO mail fraud. We reverse.

I

The underlying facts are briefly outlined in this opinion; a complete recitation of the facts may be found in this court's first decision in this case. See Chisolm v. TranSouth Fin. Corp., 95 F.3d 331 (4th Cir. 1996) (Chisolm I).

Charlie Falk sold cars to customers at inflated prices, financed the purchases, and took security interests in the cars. Falk then assigned the secured notes to TranSouth. The assignments included a promise by Falk to buy back the notes for a fixed price if the borrowers defaulted on the loans.

If a borrower missed a payment, TranSouth repossessed the vehicle and mailed a "Notice of Private Sale" to the borrower. The notice informed the borrower that the car would be sold privately if it was not redeemed. The plaintiffs allege that these notices fraudulently suggested to the borrowers that TranSouth would dispose of the vehicles through legitimate private sales. As this court noted, legitimate, private sales under Virginia law never took place. Chisolm I, 95 F.3d at 334, n.3. Instead of legitimate sales, if a car was not redeemed by a borrower, Falk would buy back the note from TranSouth at the pre-arranged price and TranSouth would transfer the car back to Falk.

Falk would then assign the note to JB Collection Corporation, Falk's subsidiary, and JB would demand payment for the deficiency. While JB tried to collect the deficiency from the borrower, Falk would attempt to resell the car. The original borrowers were never informed of subsequent sales, and the subsequent sales were never credited to the borrowers' deficiencies. The plaintiffs alleged that TranSouth conspired with Falk and JB to violate the customers' rights with this scheme. Chisolm I observes: "Indeed, concealment of the nature of the `private sales' was the very linchpin of the scheme." 95 F.3d at 338.

This court held that in order for the plaintiffs to properly plead RICO mail fraud they would have to allege that they relied on the TranSouth mailing. To plead reliance, the court stated that the plaintiffs need only allege that they relied on the mailings to assure them that the liquidation of the collateral was proceeding legally and legitimately. Chisolm I, 95 F.3d at 338-39. Since the complaint did not allege reliance, this court remanded the case with the instruction that the plaintiffs be given an opportunity to plead reliance.

Upon remand, the plaintiffs filed their third amended complaint, which they argue alleged reliance. TranSouth, disagreeing, moved to dismiss the third amended complaint due to the plaintiffs' failure to allege reliance with the particularity required under Fed. R. Civ. P. 9(b). The district court dismissed the complaint and denied the plaintiffs the opportunity to submit another amended complaint. These rulings are the subject of this appeal.

3

II

The district court's 12(b)(6) dismissal of the plaintiffs' complaint is reviewed de novo. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). We must accept the well pled allegations in the complaint as true and we construe the facts in a light most favorable to the plaintiff. Id.; Little v. Federal Bureau of Investigation, 1 F.3d 255, 256 (4th Cir. 1993).

The purpose of rule 9(b) is to provide a defendant with notice of the substance of the plaintiffs' claims and to provide the district court with enough information to distinguish strike suits from legitimate claims. Michaels Bldg. Co. v. Ameritrust Co., 848 F.2d at 674, 679-81 (6th Cir. 1988). The language in the plaintiffs' third amended complaint tracks the language this court suggested and meets rule 9(b)'s requirements. Paragraphs 84 and 88 state:

> Transouth issued false and deceptive notices of private sale which were intended to and which did mislead the public about their repossession and redemption rights. Transouth's notices and private sales were intended to and did assure the plaintiffs herein and the class that the repossession and liquidation of their collateral was proceeding legitimately and legally and influenced the plaintiffs and the class to accept the process without question, thus depriving plaintiffs and the class of the opportunity to assert a meritorious defense to JB's deficiency suit or seek other available legal remedies. Plaintiffs' and the Class' reliance on the notices of private sales . . . enabled the scheme to continue, and thus proximately caused the damages suffered by plaintiffs and the class.
>
> . . .
>
> All of these activities of the association-in-fact form a pattern, continuous in nature, which consists of numerous unlawful individual acts directed to each named plaintiff and to each class member. . . . Each fraudulent letter and notice by Transouth and each fraudulent letter and pleading by JB were acts in furtherance of the conspiracy for which the

4

defendant is liable. The reliance of the plaintiff and the members of the class on the falsehoods contained in such documents . . . was justified because such documents would and did cause persons of ordinary experience to be convinced of the legality and regularity of the process and to refrain from defending what appeared to be a justifiable lawsuit.

J.A. 131-132. Read in the context of the other allegations in the complaint these allegations are sufficient to meet rule 9(b)'s particularity requirement and purpose. Among other allegations, the complaint specifies: who mailed the fraudulent notices; who received the notices; when the notices were received; the representations made in the notices; the reasons why the plaintiffs consider the representations fraudulent; the facts of the fraudulent scheme; the plaintiffs' reliance on the notices; and the injury caused by the plaintiffs' reliance. Based on these allegations, the complaint clearly alleges sufficient facts to give TranSouth notice of the claims against it and the district court sufficient information to determine the nature of the plaintiffs' claims. Further, to the extent that this concerns TranSouth, the complaint is sufficiently particular to ensure that the plaintiffs' discovery requests will not be a fishing expedition. See Michaels Bldg. Co, 848 F.2d at 680.

III

Because the third amended complaint sufficiently pleads reliance, we do not decide whether the district court properly denied the plaintiffs' motion to submit another amended complaint.

We decline the plaintiffs' invitation to provide guidance to the district court on the issue of class certification. This issue is not the subject of this appeal.

The judgment of the district court is reversed, and this case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED

5