**James BUIE, Plaintiff,**

v.

**BFGOODRICH TEXTILE CHEMI-
CALS, INC. f/k/a Freedom Textile
Chemicals Company, Defendant.**

No. 3:98–CV–207.

United States District Court,
W.D. North Carolina,
Charlotte Division.

May 24, 1999.

Pamela A. Hunter, Charlotte, NC, for plaintiff.

Julian H. Wright, Robinson, Bradshaw & Hinson, P.A., Charlotte, NC, Louis A. Bledsoe, Robinson Bradshaw & Hinson, P.A., Charlotte, NC, for defendant.

ORDER

MULLEN, Chief Judge.

This matter is before the court upon the Defendant's Motion for Judgment on the Pleadings, filed January 13, 1999. Plaintiff failed to respond to Defendant's motion, but instead filed a "Notice of Voluntary Dismissal Without Prejudice." This Notice was filed after Defendant had filed an Answer, was not filed with the consent of the Defendant, and thus does not comply with Rule 41(a)(1). Thus, the court will disregard this improperly filed Notice and proceed to decide the merits of Defendant's motion.

 The court may grant a motion for judgment on the pleadings and dismiss a plaintiff's claims with prejudice when the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Plaintiff brought this single-count Complaint alleging he was discharged in violation of the Americans With Disabilities Act. 42 U.S.C. §§ 12101–12213 (1994) ("ADA"). Construed in the light most favorable to the Plaintiff, Plaintiff alleges that he was terminated because he fell asleep on the job in violation of company work rules as a result of medication he took for his diabetes and kidney disorder. It is clearly established in the Fourth Circuit, however, that misconduct may be punished by discharge, regardless of whether the conduct was a result of a disability. *See, e.g., Martinson v. Kinney Shoe Corp.,* 104 F.3d 683, 688 n. 3 (4th Cir.1997) ("misconduct—even if misconduct related to a disability—is not itself a disability, and an employer is free to fire an employee on that basis."); *Tyndall v. National Educ. Centers,* 31 F.3d 209, 214–15 (4th Cir.1994) (finding no discrimination when firing because of disability-related absences); *Little v. FBI,* 1 F.3d 255, 259

(4th Cir.1993) (finding no discrimination when firing for disability-related intoxication on duty). Accordingly, Plaintiff cannot establish the essential elements of his ADA claim, and his case must be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings is hereby GRANTED.