**Greg DAFT, Plaintiff–Appellant,**

v.

**SIERRA PACIFIC POWER CO.,
a Nevada Corporation,
Defendant–Appellee.**

No. 05–16785.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2007.*

Filed Oct. 22, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patrick H. Hicks, Littler Mendelson, PC, Las Vegas, NV, for Defendant–Appellee.

Before: ALARCÓN and TALLMAN, Circuit Judges, and DUFFY **, Senior Judge.

## MEMORANDUM ***

## I. *BACKGROUND*

Greg Daft ("Daft") appeals the district court's order granting summary judgment in favor of defendant Sierra Pacific Power Company ("Sierra") on Daft's claim against Sierra for discrimination in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12112. Daft argues on appeal that summary judgment was improper because genuine issues of material fact exist as to (1) whether Daft is disabled under the ADA; and (2) whether Sierra terminated Daft for being an alcoholic under the pretext of misconduct.

As a condition of continued employment, Daft had agreed to follow Sierra's drug and alcohol policy and violated it when he failed an alcohol test during working hours. Sierra properly terminated Daft for his misconduct, which falls outside the scope of the ADA's protection. No genuine issue of material fact exists as to the basis for Daft's termination and, therefore, summary judgment was proper. Because Sierra properly terminated Daft for misconduct, we need not determine whether he was disabled under the ADA.

## II. *FACTS*

Daft had been employed by Sierra and was represented by the International Brotherhood of Electrical Workers, Local 1245 ("Union") at the time of his termination. A collective bargaining agreement ("CBA") between Sierra and the Union was in effect at all times relevant to this dispute. The CBA states:

> [i]n the specific event of where an employee is unable to maintain the necessary driver's license for driving under the influence ... the following shall apply ... a return to work agreement will be made between the Company, Union and employee specifically addressing

---

** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

terms and conditions of continued employment.

Daft had been convicted of several instances of driving under the influence ("DUI") and repeatedly lost his driver's license because of them. Pursuant to the CBA, Daft and Sierra entered into a "Return to Work" agreement on July 23, 2001, whereby Daft agreed to follow Sierra's drug and alcohol policy and submit to random alcohol testing. A blood-alcohol level in excess of 0.04 was deemed a violation of such policy. Daft also signed the agreement's guidelines, agreeing that failure to meet "all established standards of conduct and job performance" would result in his immediate termination.

On August 13, 2002, at 7:34 AM, Daft registered a blood-alcohol level of 0.114 during working hours. At a retesting at 8:43 AM, Daft's blood-alcohol level was 0.092. Fifteen minutes later, a confirmation test registered Daft's blood-alcohol level at 0.087. Daft was immediately suspended and, after an investigation, was terminated on August 14, 2002.

Daft filed a lawsuit against Sierra, alleging violations of the ADA and Age Discrimination in Employment Act, and state torts of intentional infliction of emotional distress and negligent supervision. The district court entered an order granting Sierra's motion for summary judgment on all claims. Daft appeals the district court's order as to his ADA claim.

## III. DISCUSSION

We review de novo a district court's order granting summary judgment. *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007).

Pursuant to the ADA, an employer may not "discriminate against a qualified individual with a disability because of the disability...." 42 U.S.C. § 12112(a). Alco-holism is a recognized disability under the ADA. *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir.2001). However, the ADA specifically permits employers to prohibit alcohol-related misconduct at the workplace. The ADA clearly states that an employer:

(1) may prohibit the illegal use of drugs and the use of alcohol at the workplace by employees;

(2) may require that employees shall not be under the influence of alcohol or be engaging in the illegal use of drugs at the workplace;

(3) may require that employees behave in conformance with the requirements established under the Drug–Free Workplace Act of 1988 (41 U.S.C. 701 et seq.);

(4) may hold an employee who engages in the illegal use of drugs or who is an alcoholic to the same qualification standards for employment or job performance and behavior that such entity holds other employees, even if any unsatisfactory performance or behavior is related to the drug use or alcoholism of such employee; . . . .

42 U.S.C. § 12112(c). There is a "distinction between termination of employment because of misconduct and termination of employment because of a disability." *Collings v. Longview Fibre Co.*, 63 F.3d 828, 832 (9th Cir.1995). Alcoholics are not exempt from reasonable rules of conduct, such as prohibitions against the use of alcohol in the workplace, and "employers must be able to terminate their employees on account of misconduct, 'irrespective of whether the employee is handicapped.'" *Id.* (quoting *Little v. FBI*, 1 F.3d 255, 259 (4th Cir.1993)); *see also Flynn v. Raytheon Co.*, 868 F.Supp. 383, 387 (D.Mass. 1994) ("While the ADA ... protects an individual's status as an alcoholic, it is clear that a company need not tolerate

misconduct such as intoxication on the job.").

The chain of events leading to Daft's termination does not demonstrate a viable ADA claim. *See Brown,* 246 F.3d at 1187. The evidence shows that Sierra terminated Daft for his misconduct, failing an alcohol test during work hours in violation of Sierra's drug and alcohol policy and Daft's Return to Work agreement, rather than his alleged status as an alcoholic. Termination for such misconduct is permitted under the ADA, even if the misconduct was related to Daft's alleged disability. *See Collings,* 63 F.3d at 833; 42 U.S.C. § 12112(c)(4). Furthermore, Daft has not provided any "specific, substantial evidence" that his misconduct was a mere pretext for Sierra's decision to terminate him because of his alleged disability. *See Steckl v. Motorola Inc.,* 703 F.2d 392, 393 (9th Cir.1983). Daft argues that there is a genuine issue of material fact regarding pretext because the alcohol test administered on August 13, 2002 did not comply with DOT regulations as required by Sierra's drug and alcohol policy. This argument is unavailing. Daft has not shown that Sierra terminated him because of his alleged alcoholism rather than his failing the alcohol test, flawed or not. Therefore, he has not produced sufficiently specific facts of pretext to avoid summary judgment. *See Collings,* 63 F.3d at 834.

## IV. CONCLUSION

The record shows that Daft was terminated for misconduct because of his failure to adhere to Sierra's alcohol policy and the Return to Work agreement by arriving to work with a blood-alcohol level in excess of that tolerated pursuant to Sierra's drug and alcohol policy. As such, there are no genuine issues of material fact as to whether Daft was terminated for his alleged disability under a pretext. We AFFIRM the district court's order granting summary judgment in favor of Sierra and dismissing Daft's ADA claim with prejudice.