Donald R. NEWLAND, Plaintiff–Appellant,

v.

John H. DALTON, Secretary of the Navy, Defendant–Appellee.

No. 94–55984.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 1995.*

Decided April 18, 1996.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

Before: FARRIS, BRUNETTI, and KOZINSKI, Circuit Judges.

## OPINION

BRUNETTI, Circuit Judge:

In June of 1991, Newland was arrested after attempting to fire an assault rifle at individuals in a bar. At the time he was a civilian employee of the United States Navy, working as a utilities systems repair operator at the United States Marine Corps Air Ground Combat Center in Twenty Nine Palms, California. On September 27, 1991, the Navy terminated Newland's employment for "notoriously disgraceful conduct."

Newland filed a complaint in the district court on December 16, 1993, alleging that because he is an alcoholic his dismissal violated the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794, and regulations of the Equal Employment Opportunity Commission. Seeking reinstatement, he argues that what he describes as a "drunken rampage" was the direct result of his alcoholism.

The Navy moved for a dismissal for failure to state a claim. A hearing on the motion was scheduled for May 16, 1994. Newland filed his opposition to the motion to dismiss on April 21, 1994. On April 24, 1994, the district court granted the motion to dismiss and issued a separate order dismissing the action without prejudice. Five days later, on April 29, Newland filed an amended complaint alleging that his dismissal also violated 5 U.S.C. § 7513(a) which limits permissible employment actions against agency employees to those which "promote the efficiency of the service." The district court refused to consider the amended complaint, concluding that because the action had already been dismissed the amended complaint "has no legal effect." Newland subsequently moved for leave to amend the complaint. The district court denied the motion because the case had previously been dismissed without prejudice.

Ronald P. Ackerman, Los Angeles, California, for plaintiff-appellant.

Jon Pearson, Assistant United States Attorney, United States Department of Justice, Los Angeles, California, for defendant-appellee.

Newland argues the district court erred both in finding that he failed to state a claim under the Rehabilitation Act and dismissing the complaint without granting leave for amendment. We affirm.

## The Rehabilitation Act

 The Rehabilitation Act does not immunize Newland from the consequences of his drunken rampage. *See Collings v. Longview Fibre Co.*, 63 F.3d 828, 832–33 (9th Cir.1995); *Maddox v. University of Tennessee*, 62 F.3d 843, 848 (6th Cir.1995). Alcoholism is a recognized handicap, *Fuller v. Frank*, 916 F.2d 558, 561 (9th Cir.1990), but the majority of courts have held that while the Rehabilitation Act ("Act") protects employees from being fired solely because of their disability, they are still responsible for conduct which would otherwise result in their termination. *See Maddox*, 62 F.3d at 848 (employers subject to Act permitted to discipline for egregious or criminal conduct, including off-duty drunk-driving, regardless of disability); *Despears v. Milwaukee County*, 63 F.3d 635, 637 (7th Cir.1995) (alcoholic employee responsible for off-duty drunk driving arrest because alcoholism did not compel driving the car); *Little v. F.B.I.*, 1 F.3d 255, 259 (4th Cir.1993) (employer subject to Act permitted to discipline for egregious or criminal conduct and thus did not violate act by discharging an employee who was intoxicated while on duty and was involved in several off-duty alcohol related incidents).

 These courts have concluded that firings precipitated by misconduct rather than any handicap do not violate the Act. *See, e.g., Little*, 1 F.3d at 259. While there is precedent suggesting that if the misconduct is causally related to the disability it cannot be grounds for termination, *Teahan v. Metro–North Commuter R.R. Co.*, 951 F.2d 511, 516–17 (2nd Cir.1991), *cert. denied*, 506 U.S. 815, 113 S.Ct. 54, 121 L.Ed.2d 24 (1992), we have adopted the approach of the *Little* court. *Collings*, 63 F.3d at 833. In *Collings*,

after citing *Little*, we concluded that a termination based on misconduct rather than the disability itself was valid. *Id.* While *Collings* involved an Americans with Disabilities Act ("ADA") claim, Section 501(g) of the Rehabilitation Act, 29 U.S.C. § 791(g), incorporates ADA standards for claims alleging "nonaffirmative action employment discrimination." [1]

Newland recognizes, as he must, that he was terminated for his conduct. *See Collings*, 63 F.3d at 833. His termination was not in retribution for his alcoholism but rather was in response to his attempt to fire an assault rifle inside a bar. *See id.* Thus the termination did not violate the Act. Attempting to fire a weapon at individuals is the kind of egregious and criminal conduct which employees are responsible for regardless of any disability. *See Maddox*, 62 F.3d at 848; *Little*, 1 F.3d at 259.

## The Amended Complaint

██ In arguing that the district court erred in refusing to consider his amended complaint, Newland relies on the broad language in *Fed.R.Civ.P.* 15(a) that leave to amend complaints should be freely given. While noting that the dismissal was without prejudice, he emphasizes that his amended complaint would not have been timely if filed separately at the time of the dismissal. He also notes that he filed his amended complaint prior to the scheduled hearing on the motion to dismiss and prior to his receipt of the court's order granting dismissal.

The district court could properly deny leave to amend the complaint after it had already dismissed the action. *See Allen v. Veterans Admin.*, 749 F.2d 1386, 1389 (9th Cir.1984). In *Allen*, we stated:

> A plaintiff's right to amend continues after the complaint is dismissed so long as the action itself has not yet been dismissed and the amended complaint would itself be timely.

---

1. In his complaint Newland alleged violations of Sections 501 and 504 of the Rehabilitation Act, 29 U.S.C. §§ 791, 794 (1994). Section 504 does not provide a cause of action for federal employees against their employer. *Johnston v. Horne*, 875 F.2d 1415, 1418 (9th Cir.1989). Thus Newland must proceed under Section 501 and we do not consider his Section 504 claim. While *Maddox* and *Despears* concerned Section 504 claims, the plaintiff in *Little* brought his claim under both Sections 501 and 504. 1 F.3d at 257. *Collings* is applicable to claims brought under both sections of the Act.

*Id.* Here, the district court dismissed the action prior to the amendment. Thus under *Allen,* Newland's right to amend his complaint expired prior to the filing of his amended complaint. Moreover, *Allen* also suggests that any timeliness issues pertaining to Newland's new complaint do not counsel against the district court's decision but rather are an additional bar to the filing of it as an amended complaint. 749 F.2d at 1389.[2]

■ Newland argues the dismissal was an abuse of discretion because it precluded his right to amend prior to the hearing on the motion to dismiss. While *Fed.R.Civ.P.* 15(a) encourages leave to amend, district courts need not accommodate futile amendments. *Klamath–Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau,* 701 F.2d 1276, 1293 (9th Cir.1983), *cert. denied,* 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983). The district court clearly believed that no amendment would allow Newland to state a claim under the Rehabilitation Act.

Furthermore, because the district court dismissed the action without prejudice, the dismissal itself did not prevent Newland from filing another complaint under either the Act or 5 U.S.C. § 7513(a). Any barriers preventing him from re-filing the amended complaint, like timeliness, are flaws particular to the amended complaint. Once the motion to dismiss was filed, it was up to Newland and his attorney to recognize the need to make any necessary amendments to his complaint at the time he filed his opposition to the motion.

AFFIRMED.

---

**2.** The requirement in *Allen* that the amended complaint be independently timely does seem to impose a heavy burden on plaintiffs whose initial filing barely avoids being barred by the statute of limitations and later requires amendment so as to include facts which state a cause of action. Here, however, Newland attempts to bring an independent claim which he concedes was untimely when he filed his first amended complaint.