101 F.3d 705
 9 NDLR P 35
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard L. JAMES, Plaintiff-Appellant,
v.
JAMES RIVER PAPER CO., Defendant-Appellee.
 No. 95-35504.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Nov. 13, 1996.
 
 Before: CANBY, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard James ("James") appeals the district court's grant of summary judgment in favor of James River Paper Company ("James River") on James's claims of wrongful termination and failure to provide a reasonable accommodation under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101-12213. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * James argues that the magistrate judge erred in disregarding information compiled after his termination that purportedly shows that James River had imputed knowledge of his disability prior to his termination. This post-termination evidence consists of the EAP notation, the Oregon Employment Appeals Board Decision, the affidavit of Roger Antisdel, the letter written by Dr. Burns, and the Oregon Bureau of Labor and Industries Report. James argues that disregarding this evidence conflicts with Kimbro v. Atlantic Richfield Co., 889 F.2d 869, 876 (9th Cir.1989), cert. denied, 498 U.S. 814 (1990), where we held that a supervisor's knowledge of the employee's condition bound ARCO because the supervisor had both the authority to receive information regarding Kimbro's medical condition and the responsibility to disclose its nature and severity to management. We disagree, as there is no evidence that anyone at James River knew that James's work schedule affected his medical condition or that his disability needed accommodation. Nothing in the proffered documents suggests otherwise. For this reason, the documents do not create a triable issue of fact that James was terminated because of his disability instead of for his violation of James River's policy regarding physical confrontations between employees.
 
 II
 
 4
 James also argues that the magistrate judge erred in discounting the testimony of his medical expert regarding the causal link between James's disabilities and the misconduct that resulted in his termination. Employers may terminate employees under the ADA for misconduct regardless of whether the misconduct is directly attributable to the employee's disability. See Collings v. Longview Fibre Co., 63 F.3d 828, 833 (9th Cir.1995), cert. denied, 116 S.Ct. 711 (1996); see also Newland v. Dalton, 81 F.3d 904, 906 (9th Cir.1996) (applying Collings under the Rehabilitation Act). Therefore, even if Dr. Larson's opinion could be construed as establishing a causal link,[1] it does not suffice to overcome summary judgment because James's termination based on misconduct caused by the disability, rather than the disability itself, is valid.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not agree with James that the magistrate judge impermissibly evaluated the sufficiency of the expert's testimony. Rather, the magistrate judge found that the expert did not connect the disruption in James's medication cycle to the encounter with Remly based on Larson's answers "Oh, crimoney, who knows" and "Who can solve the riddle of that sort of stuff" to questions about whether sleep deprivation and failure to take medications caused the altercation that led to James's dismissal