142 F.3d 444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elijah PORTER, Jr., Plaintiff-Appellant,
v.
Marvin T. RUNYON, Jr., Defendant-Appellee.
 No. 97-56134.
D.C. No. CV-93-06997-HLH.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998**.
Decided April 22, 1998.
 
 Appeal from the United States District Court for the Central District of California Harry L. Hupp, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Elijah Porter, Jr. appeals pro se the district court's judgment after trial in his action under the Rehabilitation Act ("Act"), 29 U.S.C. § 791, alleging he was wrongfully terminated by the United States Postal Service ("USPS") because of his alcoholism. We have jurisdiction under 28 U.S.C. § 1291. We review legal conclusions de novo, and we review factual findings for clear error. See Magnuson v. Video Yesteryear, 85 F.3d 1424, 1427 (9th Cir.1996). We affirm.
 
 
 3
 The district court did not err by determining that Porter was not a qualified individual with a handicap. See 29 C.F.R. § 1614.203(a)(6) (stating that an agency shall not discriminate against a qualified handicapped individual who can perform the essential functions of his job); Lucero v. Hart, 915 F.2d 1367, 1371-72 (9th Cir.1990). Porter failed to perform the essential functions of his job because he was absent so frequently.
 
 
 4
 The district court did not err by determining that, even if Porter was a qualified handicapped individual, the USPS reasonably accommodated his alcoholism. See 29 C.F.R. 1613.704(c); Fuller v. Frank, 916 F.2d 558, 561-62 (9th Cir.1990) (holding that governmental employer reasonably accommodates alcoholic by following a progression of increasingly severe responses to employee's alcoholism).
 
 
 5
 The district court properly determined that the Act did not protect Porter from discharge that resulted from his own misconduct. See Newland v. Dalton, 81 F.3d 904, 906 (9th Cir.1996).
 
 
 6
 For the above reasons, the district court did not err by determining that the USPS did not discriminate against Porter when it discharged him. See Lucero, 915 F.2d at 1371 (stating requirements for prima facie case under the Act).[1]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject Porter's remaining contentions because they lack merit