**Gary L. RANDALL, Plaintiff,**

v.

**PORT OF PORTLAND, Defendant.**

**No. CIV. 98–716–JO.**

United States District Court,
D. Oregon.

Oct. 22, 1998.

Mark G. Passannante, Broer & Passannante, Portland, OR, for Plaintiff.

James P. Martin, Hoffman Hart & Wagner, Portland, OR, for Defendant.

OPINION AND ORDER

ROBERT E. JONES, District Judge.

Plaintiff Gary Randall brings this action against his former employer, the Port of Portland, alleging claims for disability discrimination under the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq* and ORS 659.436. In July 1998, defendant moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6). To address issues raised in plaintiff's response, defendant offered evidence into the record and asked the court to treat the pending motion as a motion for summary judgment under Rule 56. The court granted the request, and now concludes that summary judgment should be granted.

FACTUAL BACKGROUND

Many of the material facts are undisputed. Plaintiff was employed by defendant as a carpenter from 1979 until his termination on December 29, 1997. Complaint, ¶ 8. Plaintiff is an alcoholic and alleges that he is disabled because alcoholism substantially affects one or more of his major life activities. Complaint, ¶ 9.

In 1993, plaintiff was cited for driving under the influence of alcohol ("DUII") and his driver's license was suspended for one year. Although he received an occupational driver's license, defendant prohibited him from driving Port vehicles during the suspension. According to plaintiff, during that year defendant accommodated his disability by having someone else drive him to off-site work locations. Complaint, ¶ 10; Affidavit of Gary Randall, ¶ 4.

On August 30, 1997, plaintiff was again cited for DUII. This time, his license was suspended for one year without the possibility of reinstatement until September 28, 1998. Plaintiff's supervisor, James Dorrance, gave plaintiff 30 days to obtain a provisional license. Affidavit of James Dorrance, ¶ 2. When he failed to do so, Dorrance sent plaintiff a letter notifying him that he was suspended for seven days pending termination unless he obtained a provisional license before expiration of the suspension. When plaintiff again failed to do so, Dorrance terminated him.

## STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge,* 865 F.2d 1539, 1542 (9th Cir. 1989).

The substantive law governing a claim determines whether a fact is material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630 (9th Cir.1987). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party. *T.W. Elec. Service,* 809 F.2d at 631. Inferences drawn from facts are viewed in the light most favorable to the non-moving party. *Id.* at 630–31.

## DEFENDANT'S MOTION

Defendant originally moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6) on the ground that plaintiff is not qualified for the job of Port carpenter because he cannot perform an essential function of the job, a required element of proof in an ADA disability discrimination claim.

Under the ADA, plaintiff must establish that he is a "qualified person with a disability," *i.e.,* an individual with a "disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds." 42 U.S.C. § 12111(8). Defendant asserts that plaintiff is not qualified for his position because the Port requires all employees to hold and maintain valid driver's licenses, something plaintiff admits that he cannot do. Defendant further asserts that plaintiff was terminated not because of his alleged disability of alcoholism, but because his own misconduct in driving drunk caused him to lose his driver's license.

Defendant's original motion, brought pursuant to Rule 12(b)(6), most likely would have been denied. This is because in his complaint, plaintiff alleges (1) that a valid driver's license is not essential to performance of the job of carpenter; and (2) that during the first period in which his license effectively was suspended, defendant accommodated him by having others drive him to distant work sites; and (3) that defendant did not require Port employees to maintain the legal right to drive until November 1997, long after plaintiff was first employed and after he received the second DUII citation. Complaint, ¶¶ 10, 13, 14. Taken as true, those allegations appear sufficient to survive a Rule 12(b)(6) challenge. *See, e.g., Gilligan v. Jamco Development Corp.,* 108 F.3d 246, 248 (9th Cir.1997).

Because defendant has submitted evidence outside the pleadings, however, I elected to treat the motion as one for summary judgment under Rule 56. *See* Fed.R.Civ.P. 12(b) and 56. That evidence shows that as early as July 21, 1992, the job description for plaintiff's position of carpenter included the following requirement: "Valid Oregon or Washington State driver's license." Affidavit of James Dorrance, Exhibit A, p. 2. In addition, since at least January 1993, defendant's written policy has required employees, like plaintiff, who must drive for the Port to maintain good driving records. Affidavit of James Dorrance, ¶ 3 and Exhibit B. The evidence also shows that Dorrance issued the November 17, 1997, memorandum to reiterate these existing requirements because at that time, three employees (plaintiff included) recently had lost their driver's licenses. Affidavit of James Dorrance, ¶ 6.

Based upon these facts, defendant makes two basic arguments in favor of summary judgment. First, defendant contends that because plaintiff does not hold a valid driver's license, he cannot perform an essential function of the job of Port carpenter and is not, therefore, a "qualified person with a disability" within the meaning of the ADA. *See* 42 U.S.C. §§ 12111(8) and 12112(a). Defendant also contends that the reason it terminated plaintiff was not because of his alcoholism, but because he failed to maintain a

valid driver's license—the direct result of his illegal conduct in driving while intoxicated.

The ADA prohibits an employer from "discriminat[ing] against a qualified individual with a disability because of the disability * * *." 42 U.S.C. § 12112(a). The Ninth Circuit, like several other Circuits, has recognized a distinction between termination of employment because of a disability and termination because of misconduct and has held that termination precipitated by misconduct does not violate the ADA. *See Collings v. Longview Fibre Co.*, 63 F.3d 828, 832 (9th Cir.1995) (ADA case); *see also Newland v. Dalton*, 81 F.3d 904, 906 (9th Cir.1996)(Rehabilitation Act case).[1]

In *Collings,* the Ninth Circuit expressly held that an employer is entitled to discharge an employee for an act of misconduct, even where the misconduct may have been related to a disability. *Collings,* 63 F.3d at 833 (adopting the reasoning in *Little v. F.B.I.,* 1 F.3d 255, 259 (4th Cir.1993)). One year after *Collings,* the Ninth Circuit reiterated that ruling in *Newland,* 81 F.3d at 906, explaining:

> Alcoholism is a recognized handicap * * * but the majority of courts have held that while the Rehabilitation Act * * * protects employees from being fired solely because of their disability, they are still responsible for conduct which would otherwise result in their termination. *See Maddox [v. University of Tennessee,* 62 F.3d 843, 848 (6th Cir.1995) ] (employers subject to Act permitted to discipline for egregious or criminal conduct, including off-duty drunk-driving, regardless of disability); *Despears v. Milwaukee County,* 63 F.3d 635, 637 (7th Cir.1995) (alcoholic employee responsible for off-duty drunk driving arrest because alcoholism did not compel driving the car); *Little v. F.B.I.,* 1 F.3d 255, 259 (4th Cir. 1993) (employer subject to Act permitted to discipline for egregious or criminal conduct and thus did not violate act by discharging an employee who was intoxicated while on duty and was involved in several off-duty alcohol related incidents).

These courts have concluded that firings precipitated by misconduct rather than any handicap do not violate the Act. * * * While there is precedent suggesting that if the misconduct is causally related to the disability it cannot be grounds for termination * * * we have adopted the approach of the *Little* court. * * * In *Collings,* after citing *Little,* we concluded *that a termination based on misconduct rather than the disability itself was valid.*

*Newland,* 81 F.3d at 906 (emphasis added); *see also Schutts v. Bently Nevada Corp.,* 966 F.Supp. 1549 (D.Nev.1997), noting that

> The Ninth Circuit is hardly alone among the federal courts of appeal in concluding that the ADA will not protect a disabled employee who commits acts of misconduct, despite a relationship between the misconduct and the disability. The First, Third, Fourth, Sixth, Seventh and Tenth Circuits follow the same rule.

*Schutts,* 966 F.Supp. at 1557 n. 1 (citing cases).

*Despears v. Milwaukee County,* 63 F.3d 635 (7th Cir.1995), which is cited by the *Newland* court and relied upon by defendant in this case, is instructive. In *Despears,* the plaintiff, a maintenance worker, lost his driver's license after a fourth conviction for driving under the influence of alcohol. The employer required workers in the plaintiff's job classification to maintain a valid driver's license. After the plaintiff lost his license, the employer demoted him to a position that paid less but did not involve any driving. *Despears,* 63 F.3d at 635. In affirming the district court's grant of summary judgment in favor of the employer, the court observed that although alcoholics may be more likely to lose their driver's licenses because of drunk driving, the decision to drive drunk is not "wholly involuntary." Judge Posner wrote:

> [A]lcoholics are more likely, probably much more likely, to lose their driver's license because of drunk driving than people who are not alcoholics, and this is enough to show that there is a causal

*Collings v. Longview Fibre Co.,* 63 F.3d 828, 832 n. 3 (9th Cir.1995).

---

1. The Ninth Circuit considers Rehabilitation Act cases to be instructive in analyzing ADA claims.

relation between [plaintiff's] alcoholism and his demotion. * * *

\* \* \* \* \* \*

[Plaintiff] despite his alcoholism could have avoided the demotion of which he complains by avoiding driving while drunk. His disability concurred with a decision to drive while drunk to produce the loss of license and resulting demotion. The disability contributed to but did not compel the action that resulted in the demotion.

*Despears*, 63 F.3d at 636–37 (citation omitted).

In this case, plaintiff admits that "[d]efendant terminated plaintiff because he could not drive." Plaintiff's Response to Defendant's Motion for Summary Judgment, p. 2. While plaintiff evidently intends that statement to rebut any notion that defendant terminated him because of the DUII conviction, his concession that defendant terminated him "because he could not drive" points to the proper resolution of this case. Defendant has come forward with evidence that it terminated plaintiff for legitimate and nondiscriminatory reasons, *i.e.*, his failure to maintain a valid driver's license as required by Port policy. Thus, plaintiff was required to produce specific probative evidence showing that defendant's stated reason for termination was a pretext for disability discrimination. *See Collings*, 63 F.3d at 834. Plaintiff has failed to produce any evidence that his alcoholism, as opposed to the legal consequences of his decision to drive while intoxicated, precipitated his termination. In the absence of evidence that defendant terminated plaintiff because of his alcoholism, I conclude that both plaintiff's ADA claim and his state law discrimination claim,[2] must fail.

## CONCLUSION

Defendant's motion for summary judgment (# 5) is GRANTED. Any other pending motions are denied as moot. The case is dismissed.

## JUDGMENT

Based upon the record,

IT IS ORDERED AND ADJUDGED this case is dismissed.

---

**2.** The state disability discrimination statute, ORS 659.436, is to be construed consistently with the ADA. *See* ORS 659.449.