Belinda WEBB, Plaintiff–Appellant,

v.

William HENDERSON, Postmaster General, Defendant–Appellee.

No. 99–56684.

D.C. No. CV–99–01084–SVW.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2001.*

Decided April 24, 2001.

Before PREGERSON, FERNANDEZ, and GRABER, Circuit Judges.

MEMORANDUM **

Plaintiff filed an action against her employer, the United States Postal Service (Defendant), in which she claimed that Defendant had discriminated against her on the basis of a physical disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). The district court granted Defendant's motion for summary judgment, holding that Plaintiff had failed to demonstrate that she was "otherwise qualified" for her job. We now affirm, although on grounds different from those expressed by the district court. *See Branson v. Nott,* 62 F.3d 287, 291 (9th Cir.1995) ("We may affirm the decision of the dis-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

trict court on any basis which the record supports.").

As an initial matter, Plaintiff argues that Defendant was bound by the Administrative Law Judge's ("ALJ") finding of discrimination. We disagree. Under the applicable regulations, Defendant was not bound by the ALJ's opinion. 29 C.F.R. § 1614.109(g) (1996) ("Within 60 days of receipt of the findings and conclusions [of an ALJ], the agency may reject or modify the findings and conclusions or the relief ordered by the [ALJ]....."). Moreover, Plaintiff's argument that the district court erred by not giving the ALJ's factual findings "great weight" is unsupported by the record. The district court disagreed with the ALJ's legal conclusions, but not with any findings of fact.

In order to establish a prima facie case under the Rehabilitation Act, Plaintiff must demonstrate "(1) that she was an 'otherwise qualified' handicapped individual for purposes of the Act, and (2) that she was terminated because of her handicap." *Lucero v. Hart*, 915 F.2d 1367, 1371 (9th Cir.1990). In the present case, it is undisputed that Defendant fired Plaintiff because she had a large number of unscheduled absences from work. Between January 22, 1994, and July 22, 1995, Plaintiff had 26 instances of unscheduled absences and 11 instances of tardiness, resulting in her missing more than 588 hours of work. This translates to 73.5 workdays or 15 workweeks in a year and a half. As noted, the district court held that, because of these unscheduled absences, Plaintiff was not "otherwise qualified" for her job.

We need not decide whether Plaintiff was "otherwise qualified" for her job despite her absenteeism. Even assuming that she was, Plaintiff failed to demonstrate that she was terminated *because of* her handicap. *See Newland v. Dalton*, 81 F.3d 904, 906 (9th Cir.1996) (concluding that "a termination based on misconduct rather than the disability itself" is not a violation of the Rehabilitation Act). Plaintiff contends that most of her absences were related to her disability. That contention is not supported in the record, however. In a deposition, Plaintiff testified that only 8 of the 26 unscheduled absences (379 hours) were related to her foot injury. That leaves 18 unscheduled absences (totaling 209 hours) that, by Plaintiff's own admission, were *not* related to her foot condition—more than 26 workdays and more than 5 workweeks. Moreover, the record contains medical documentation connecting absences to Plaintiff's foot injury for only about 75 hours.

AFFIRMED.