**RIVER OAKS HOMEOWNERS PROTECTION COMMITTEE, INC., Plaintiff–Appellant,**

v.

**EDINGTON & ASSOCIATES, Defendant–Appellee.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.

**River Oaks Homeowners Protection Committee, Inc., Plaintiff– Appellant,**

v.

**Glen Meadows Homeowners Association, Inc., dba River Oak Homeowners Association; Nona Emery; Clyde K. Emery; NEC Corporation; Verdi Meadows Utility Company; Emery Medical Corporation; Griffith Emery; Leif Emery; Kenneth Emery; Does, 1–X, inclusive, Defendants–Appellees.**

**River Oaks Homeowners Protection Committee, Inc., Plaintiff– Appellant,**

v.

**Edington & Associates, Defendant– Appellee.**

Nos. 00–15727, 00–15748, 01–15490.

D.C. No. CV–98–00444–ECR(PHA).

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2002.\*

Decided April 1, 2002.

R.App. P. 34(a)(2).

Before GOODWIN, REINHARDT, and FERNANDEZ, Circuit Judges.

### MEMORANDUM **

River Oaks Homeowners Protection Committee, Inc., (Homeowners) appeals from the district court's dismissal of two actions and from the district court's award of attorneys' fees against it in one of them. We affirm in part, and reverse in part.

(1) It is undisputed that Homeowners failed to serve Edington & Associates within the 120 days provided for in Fed. R.Civ.P. 4(m).[1] Therefore, dismissal of that action was proper. *See id.; Hernandez v. City of El Monte,* 138 F.3d 393, 400 (9th Cir.1998). As Homeowners says, that dismissal should have been without prejudice. *See id.* Nothing in the dismissal order provides to the contrary,[2] but in an abundance of caution, we state our agreement that the dismissal should be deemed to have been without prejudice.

■ Homeowners also asserts that the district court erred when it dismissed its complaint against Edington pursuant to Fed.R.Civ.P. 12(b)(6), without giving leave to amend. We agree, in part. Even if the complaint was flawed, in the normal course of events, the district court would have been required to allow amendment of the complaint because it was not clear that

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. This is raised in appeal No. 00–15727.

2. In fact, it presumably was without prejudice. *See* Fed.R.Civ.P. 41(b) (jurisdictional dismissal); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir.1988).

Homeowners would be unable to amend to spell out a claim. *See Lee v. City of Los Angeles*, 250 F.3d 668, 691–92 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–1296 (9th Cir.1998). Here, however, that course of action would have been unfruitful. Once the complaint was dismissed pursuant to Rule 4(m), any purported amended complaint would have come too late. *See Newland v. Dalton*, 81 F.3d 904, 906–07 (9th Cir.1996). However, that being so, the dismissal must have been without prejudice, and the mere dismissal would not preclude Homeowners from filing another action in proper form at the appropriate time. *Id.* Again, however, to avoid any later misconstructions of the effect of the dismissal,[3] we clarify that it should be deemed to have been without prejudice.

■ (2) Homeowners asserts that fees should not have been awarded against it, and in favor of Edington.[4] We agree. The district court granted the fees pursuant to the provisions of the Fair Credit Reporting Act (FCRA). *See* 15 U.S.C. § 1681n(c). Homeowners is of the opinion that once the district court decided it was without personal jurisdiction pursuant to 4(m), it could not award fees. Homeowners is simply wrong on the law. *See Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (9th Cir.1992), and authorities cited therein. Next, Homeowners asserts that a fee award to a defendant is never proper under the FCRA. Again, that is not the law. Although fees cannot be awarded to a defendant pursuant to some FCRA sections,[5] they can be awarded pursuant to 15 U.S.C. § 1681n(c), where the court decides, as it did here, that the pleading was filed in bad faith. Nevertheless, we agree that the award was premature and improper. Not only had Homeowners not had an opportunity to amend in an attempt to allege further facts,[6] but also Edington did not submit any further evidence to the district court, that would tend to demonstrate bad faith on Homeowners' part. Thus, on this record, an award of fees constituted an abuse of discretion. *See Swanson v. S. Or. Credit Serv.*, 869 F.2d 1222, 1229 (9th Cir.1988); *see also EEOC v. Bruno's Rest.*, 13 F.3d 285, 288 (9th Cir.1993); *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir.1991).

■ (3) Homeowners also contends that the separate action against Glen Meadows Homeowners Association and others,[7] should not have been dismissed without leave to amend. With that we disagree.[8]

In its attempt to plead a RICO claim, Homeowners contented itself with general, and insufficient, statements regarding the

---

**3.** In general, a dismissal on Rule 12(b)(6) grounds is on the merits. *See* Fed.R.Civ.P. 41(b) (non jurisdictional or venue dismissals); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 2428 n. 3, 69 L.Ed.2d 103 (1981)

**4.** This is raised in appeal No. 01–15490.

**5.** *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1336 (9th Cir.1995).

**6.** *See* 15 U.S.C. §§ 1692–1692o. No doubt, one who is not a debt collector cannot be covered by the Act. *See, e.g., Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir.1996). However, the court's reasoning that a company which engaged in property management could not be a company engaged in debt collection is not overly persuasive.

**7.** This is raised in appeal No. 00–15748.

**8.** This court has been notified that Clyde Emery and Nona Emery are in bankruptcy proceedings. Therefore, this appeal is stayed as to them. *See* 11 U.S.C. § 362. That does not have the effect of staying the appeal as to the other parties. *See Cohen v. Stratosphere Corp.*, 115 F.3d 695, 697 (9th Cir.1997); *Chugach Timber Corp. v. N. Stevedoring & Handling Corp. (In re Chugach Forest Prods., Inc.)*,

alleged frauds, pattern, and the like.[9] The district court pointed out the flaws and gave Homeowners leave to amend. However, Homeowners, rather obtusely, filed an amended complaint in which it made little effort to, and did not, correct the deficiencies. Thus, the district court did not abuse its discretion, or otherwise err, when it dismissed the RICO claim without leave to amend. *See United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1527 (9th Cir.1995), *vacated on other grounds*, 520 U.S. 939, 117 S.Ct. 1871, 138 L.Ed.2d 135 (1997); *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir.1980).

█ Homeowners also appeals the dismissal of its claim under the Clean Water Act. *See* 33 U.S.C. §§ 1251–1387. However, it is clear that Homeowners was not able to plead that it gave the 60–day notice to the Environmental Protection Agency administrator that was required before this action was brought. *See* 33 U.S.C. § 1365(b)(1)(A); 40 C.F.R. § 135.2(b). That is a jurisdictional defect, which necessitated dismissal. *See Wash. Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1354–55 (9th Cir.1995).

Finally, the district court's decision to dismiss the state claims once the federal claims were dismissed was not erroneous. *See* 28 U.S.C. § 1367(c); *Fang v. United States*, 140 F.3d 1238, 1243 (9th Cir.1998).

AFFIRMED, as to the dismissal in No. 00–15727, which we, however, explicitly declare was without prejudice. REVERSED, as to No. 01–15490. AFFIRMED, as to No. 00–15748, but we explicitly declare that the dismissal of the Clean Water Act Claim was for lack of

jurisdiction. However, because Clyde Emery and Nona Emery are in bankruptcy proceedings, No. 00–15748 is stayed as to them, and we decide it as to the other parties only.

The parties shall bear their own costs on appeal in No. 00–15727 and No. 01–15490. Appellees (other than Clyde Emery and Nona Emery) shall recover their costs on appeal in No. 00–15748.

23 F.3d 241, 246 (9th Cir.1994); *O'Malley Lumber Co. v. Lockard (In re Lockard)*, 884 F.2d 1171, 1179 (9th Cir.1989).

**9.** *See* 18 U.S.C. § 1961–62; *Sedima S.P.R.L. v. Imrex Co. Inc.*, 473 U.S. 479, 494–97, 105 S.Ct. 3275, 3284–85, 87 L.Ed.2d 346 (1985) (predicate acts); *Sever v. Alaska Pulp Corp.*,

978 F.2d 1529, 1535 (9th Cir.1992) (pattern); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir.1991) (pleading fraud); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392–93 (9th Cir. 1988) (same).