**Paula LUA, Plaintiff–Appellee,**

v.

**John E. POTTER, Postmaster General, Defendant–Appellant.**

**No. 02–55462.**
**D.C. No. CV–01–0240–MLR.**

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Paula Lua appeals pro se the district court's summary judgment for defendant in her Rehabilitation Act and Title VII action alleging race, gender, and disability discrimination and retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998), and we affirm.

The district court properly granted summary judgment on Lua's Rehabilitation Act and Title VII claims because Lua

failed to raise a genuine issue of material fact as to whether her employer disciplined and terminated her due to a discriminatory or retaliatory motive. *See Newland v. Dalton,* 81 F.3d 904, 906 (9th Cir.1996) (concluding that a termination based on misconduct rather than the disability itself is not a violation of the Rehabilitation Act); *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 891–92 (9th Cir.1994) (Title VII and retaliation); *see also Forsberg v. Pac. Bell N.W. Tel. Co.,* 840 F.2d 1409, 1418–19 (9th Cir. 1988) ("[P]urely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not bar summary judgment.").

Finally, the district court did not abuse its discretion by denying Lua's discovery request because none of her requested documents would provide particulars to establish pretext. *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.,* 81 F.3d 881, 887–88 (9th Cir.1996) (affirming the district court's denial of a discovery motion because there was no showing how discovery would have affected summary judgment).

Lua's remaining contentions lack merit.

**AFFIRMED.**