Alice M. BENTON, Plaintiff—
Appellant,

v.

John E. POTTER, Postmaster General;
United States Postal Service, Pacific
Western Region, Defendants—Appel-
lees.

No. 02–17081.
D.C. No. CV–01–01444–BZ.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 25, 2003.

Before LEAVY, HAWKINS, and
RAWLINSON, Circuit Judges.

MEMORANDUM**

Alice Benton, acting pro se, appeals the
district court's summary judgment for the
United States Postal Service in her action
alleging discrimination on the basis of dis-
ability, race, gender and age. We have
jurisdiction under 28 U.S.C. § 1291. We
review the district court's decision *de novo*,
*Lopez v. Smith*, 203 F.3d 1122, 1131 (9th
Cir.2000), and we affirm.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

The undisputed evidence establishes that Benton suffers from paranoid delusional disorder. Benton was required to undergo a Fitness–for–Duty exam after her supervisor received reports that Benton had stated a desire to bring her gun to work to shoot one co-worker and wished that another co-worker would be infected with AIDS. Based on Benton's Fitness–for–Duty exam, the Postal Service placed Benton on non-duty status and informed her that she should seek psychiatric treatment. Benton refused treatment and eventually retired.

It is undisputed that one of the central requirements of Benton's position as a flat sorter is the ability to work with others. The evidence that Benton's untreated condition led to outrageous behavior and prevented her from meeting this requirement went unrebutted.

■ Summary judgment was proper on Benton's Rehabilitation Act claim. Benton failed to contest the defendant's evidence that she was not qualified for her position and that her disability was not the sole reason she was relieved from duty.[1]

■ Benton's claims alleging racial and sexual discrimination under Title VII fail because she has produced no evidence of racial or sexual discrimination and has not shown that she was qualified for her flat sorter position. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998). Similarly, Benton's age discrimination claim fails because she has provided no evidence that her job performance was satisfactory. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir.2000).

We also agree with the district court's conclusion that Benton has not presented enough facts in support of her potential Title VII retaliation or sexual harassment claims to survive summary judgment. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir.2002) (retaliation); *Brooks v. City of San Mateo*, 229 F.3d 917, 923–24 (9th Cir.2000) (sexual harassment).

**AFFIRMED.**

---

1. *See* 29 U.S.C. § 794(a); *see also Mustafa v. Clark County School Dist.*, 157 F.3d 1169, 1174 (9th Cir.1998) (listing the elements of a Rehabilitation Act claim); *Newland v. Dalton*, 81 F.3d 904, 906 (9th Cir.1996) (holding that "firings precipitated by misconduct rather than any handicap do not violate the [Rehabilitation] Act.").

