Laura HEINEMANN, Defendant–cross–claimant—Appellant,

v.

COMPUTER ASSOCIATES INTERNATIONAL, INC., a New York corporation, Plaintiff–cross–defendant—Appellee,

v.

Andrew L. Richards; Mark Parrinello, Cross-defendants.

Laura Heinemann, Defendant–cross–claimant—Appellee,

v.

Computer Associates International, Inc., a New York corporation, Plaintiff–cross–defendant—Appellant,

v.

Andrew L. Richards; Mark Parrinello Cross-defendants.

Nos. 07–56682, 08–55064.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 2, 2009.

Filed March 16, 2009.

*See Allen v. Ornoski,* 435 F.3d 946, 960 (9th Cir.2006).

David J. Lederer, Esq., Law Offices of David J. Lederer, Brent H. Blakely, Esq., Los Angeles, CA, for Defendant–cross–claimant–Appellant.

Seth A. Rafkin, Esq., Cooley Godward Kronish LLP, San Diego, CA, for Plaintiff–cross–defendant–Appellee.

Before: GOODWIN, BEEZER and PAEZ, Circuit Judges.

### MEMORANDUM *

Laura Heinemann appeals from various rulings of the district court concerning the jury instructions, the use of a general verdict form and the admissibility of evidence. Computer Associates International, Inc.,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

now named CA, Inc., appeals from the district court's dismissal of its claims for injunctive relief. We have jurisdiction under 28 U.S.C. § 1291. The parties are aware of the facts and procedural history of this case so we need not repeat them here. We affirm with respect to the issues Heinemann appeals (No. 07–56682) and reverse and remand with respect to the issue CA appeals (No. 08–55064).

## I

Heinemann makes several arguments regarding the jury instructions. We review de novo a claim that a jury instruction misstated the law. *Dang v. Cross,* 422 F.3d 800, 804 (9th Cir.2005). We review the district court's formulation of the jury instructions for abuse of discretion. *Id.*

Heinemann argues that the district court's composite retaliation jury instruction misstated the law concerning Heinemann's four separate retaliation claims. We disagree. Heinemann cannot identify any portion of the composite instruction that misstated the law. *Compare* 42 U.S.C. § 2000e–3(a) (Title VII of the Civil Rights Act), *with* Cal. Gov't Code § 12940(h) (California Fair Employment and Housing Act), *with* Cal. Labor Code § 1102.6 (California Whistleblower Protection Act), *with Tameny v. Atl. Richfield Co.,* 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330, 1331 (1980) (establishing a cause of action for violation of California public policy).

■ Heinemann argues that the district court abused its discretion by not providing a mixed-motive affirmative defense jury instruction. We disagree. Both parties based their arguments on an either/or theory of the case. Thus, the district court correctly "determine[d] that the only reasonable conclusion the jury could reach is that discriminatory animus is the sole reason for the challenged action or that discrimination played no role in the decision. . . ." *Head v. Glacier Nw., Inc.,* 413 F.3d 1053, 1066 (9th Cir.2005). Moreover, the verdict in favor of CA necessarily means that any error is harmless because the jury never would have reached the mixed-motive phase of the instruction. *Cf. Lam v. Univ. of Haw.,* 40 F.3d 1551, 1564 (9th Cir.1994).

■ Heinemann argues that the district court abused its discretion by refusing to provide a temporal proximity jury instruction because "in the absence of such a jury instruction, the jury was misled into believing such circumstantial evidence did not carry any weight in their deliberations." We disagree. Contrary to Heinemann's suggestion, the district court instructed the jury that "[t]he law makes no distinction between the weight to be given to either direct or circumstantial evidence." The jury was free to consider temporal proximity; however, additional emphasis on temporal proximity was not necessary.

■ Heinemann argues that the district court abused its discretion by not providing an inadequate investigation jury instruction. We disagree. Heinemann did not present evidence that the investigation was conducted inadequately or in bad faith.

■ Heinemann argues that the district court abused its discretion by excluding jury instructions related to Heinemann's subpoenas. We disagree. The subpoenas are irrelevant to Heinemann's retaliation claims.

■ Heinemann argues that the district court abused its discretion in providing an "any greater protection" jury instruction. We disagree. The existence of a protected activity does not immunize an employee from termination based on a legitimate

reason. *See Newland v. Dalton,* 81 F.3d 904, 906 (9th Cir.1996); *Tomlinson v. Qualcomm, Inc.,* 97 Cal.App.4th 934, 118 Cal.Rptr.2d 822, 826 (Ct.App.2002).

■■ Heinemann argues that the district court abused its discretion in providing an "inferring retaliation" jury instruction. We disagree. An employer's purported reason for terminating an employee "need not necessarily have been wise or correct." *See Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1115 (2000).

**II**

■■ Heinemann argues that the district court erred in not requiring a special jury verdict. "As a general rule, the court has complete discretion over whether to have the jury return a special verdict or a general verdict." *Floyd v. Laws,* 929 F.2d 1390, 1395 (9th Cir.1991). The district court did not abuse its discretion because the jury's task was simply to determine whether CA terminated Heinemann because of the whistleblowing or forgery, for which a special verdict was unnecessary.

**III**

Heinemann advances various arguments related to the admission and exclusion of evidence. We review evidentiary rulings for abuse of discretion. *Wicker v. Oregon ex rel. Bureau of Labor,* 543 F.3d 1168, 1173 (9th Cir.2008).

■■ Heinemann argues that the district court abused its discretion by accepting CA's stipulation regarding CA's illegal accounting practices and the governmental investigation of these practices. We disagree. Heinemann's reliance on *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), and *United States v. Breitkreutz,* 8 F.3d 688 (9th Cir. 1993), is misplaced because this is not a criminal case. The district court properly focused on Heinemann's termination, not on the collateral issue of CA's illegal accounting. *See* Fed.R.Evid. 403.

■■ Heinemann argues that the district court abused its discretion by admitting the testimony of Grace Caden. We disagree. CA did not need to produce Caden as a "person most knowledgeable" because Heinemann's deposition notice did not seek, for example, the person most knowledgeable of the forgery investigation or Heinemann's termination. Even if CA technically violated Federal Rule of Civil Procedure 26, this error was harmless. First, Heinemann learned of Caden's role in the termination at Heinemann's unemployment benefits hearing. Second, after Heinemann read Caden's declaration, Heinemann did not object to Caden appearing as a witness or indicate that Caden had not been properly disclosed. Third, during depositions three CA employees discussed Caden's involvement in the investigation of the forgery, yet Heinemann did not challenge Caden's appearance as a witness or seek to depose her.

■■ Heinemann argues that the district court abused its discretion in refusing to allow Heinemann to impeach Caden with Dorothe Pace's deposition testimony. We disagree. Pace's deposition testimony would not have impeached Caden because Pace made clear that she could not specifically recall dates.

■■ Heinemann argues that the district court abused its discretion by preventing Heinemann from introducing evidence regarding her subpoenas. Heinemann does not specify what the evidence was or how the district court prevented her from presenting it. We decline to review this issue because Heinemann has not presented an adequate record for review. *See* Fed. R.App. P. 28(e); *Pau v. Yosemite Park*

& Curry Co., 928 F.2d 880, 889 (9th Cir.1991).

■ Heinemann argues that the district court abused its discretion by excluding evidence of Heinemann's "praiseworthy" sales performance in 2000 and 2001. We disagree. Heinemann's sales performance in 2000 and 2001 is irrelevant because starting in March 2003, Heinemann was on a performance improvement plan due to poor performance. This sales performance evidence is also irrelevant because it does not show that CA's investigation was a pretext for Heinemann's termination.

■ Heinemann argues that the district court abused its discretion by preventing Heinemann from reading to the jury excerpts of Ira Zar's deposition. We disagree. Heinemann cannot use Zar's invocation of the Fifth Amendment to mislead the jury into believing that Zar forged the contract.

■ Heinemann argues that the district court abused its discretion by preventing Heinemann from presenting evidence regarding her claims for emotional distress and punitive damages. Heinemann does not articulate what evidence the district court barred or where in the record the court's decision appears. Any error must be harmless because the jury never reached the question of damages. Cf. Bulgo v. Munoz, 853 F.2d 710, 716 (9th Cir.1988).

## IV

■ CA argues that the district court erred in dismissing its claims for injunctive relief. We review the district court's legal conclusions de novo, factual findings for clear error and acts of equitable discretion for an abuse of discretion. Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 653 (9th Cir.2002). At the pretrial conference, the district court discussed reasons why CA's claims may fail, such as because "[t]here was no evidence that [Heinemann]

has any copies" of CA's property. The district court did not issue findings of fact or conclusions of law in summarily dismissing CA's claims, and therefore violated Federal Rule of Civil Procedure 52(a).

■ Based on record evidence, it is unclear whether Heinemann still possesses CA's property. Heinemann testified that "Paul Nakamura and Chris Dixon helped [her] transfer whatever [she] had that was CA-related on that [company] laptop to [her] [personal] laptop so [she] could use it at work." The district court's failure to account for this record evidence warrants reversal.

On remand, the district court must comply with Rule 52(a) and determine whether CA is entitled to injunctive relief on its claims for breach of contract and conversion. We reserve judgment regarding the merits of CA's claims, the merits of Heinemann's affirmative defenses and whether this case is moot.

No. 07–56682: **AFFIRMED.**

No. 08–55064: **REVERSED** and **REMANDED.**