116 F.3d 1486
 10 NDLR P 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin L. SUNKETT, Plaintiff-Appellee,
v.
OLSTEN TEMPORARY SERVICES, Defendant-Appellant.
 No. 96-15746.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1997.
Decided June 25, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-94-20027-RPA; Robert P. Aguilar, District Judge, Presiding.
 Before: D.W. NELSON, BOOCHEVER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Olsten Temporary Services appeals the district court's judgment, after a bench trial, in favor of former Olsten employee Kevin Sunkett. Sunkett brought an action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 (1994), alleging that he was dismissed from an assignment because he has epilepsy. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the district court's judgment in favor of Sunkett.
 
 
 3
 We review the district court's findings of fact following a bench trial for clear error. Magnuson v. Video Yesteryear, 85 F.3d 1424, 1427 (9th Cir.1996). Conclusions of law made by the district court are reviewed de novo. Id.
 
 
 4
 We agree that Sunkett was a "qualified individual with a disability" within the meaning of the ADA. See 42 U.S.C. §§ 12102(2)(A), 12111(8), 12112(a). However, we conclude that the district court clearly erred in rejecting Olsten's nondiscriminatory reasons for Sunkett's termination.
 
 
 5
 Olsten explained that Sunkett was dismissed from his temporary work assignment because he left the facility without permission. At trial, Sunkett's supervisor added that his violent behavior toward her was a factor in the decision to terminate him. The district court reasoned that the two explanations were inconsistent and therefore incredible. We disagree. To state that Sunkett was dismissed because he abandoned his position is entirely consistent with citing his insubordination as well. The latter reason supplements rather than contradicts the former. See Nidds v. Schindler Elevator Corp., 103 F.3d 854, 859 (9th Cir.1997) ("[T]he reasons given by [the defendant] are not incompatible, and therefore not properly described as 'shifting reasons.' "), amended by No. 95-15090, slip op. at 4813 (9th Cir. Apr. 30, 1997); see also Ritter v. Hughes Aircraft, 58 F.3d 454, 459 (9th Cir.1995) (explaining that an inference of pretext arises only "where an employer simultaneously offer[s] two distinct and arguably inconsistent reasons for an employee's discharge").
 
 
 6
 Moreover, even if the district court did not clearly err in finding that Olsten's nondiscriminatory explanation was pretextual, the court erred as a matter of law in making the ultimate determination that Olsten's explanation was a pretext for intentional discrimination. The district court concluded that "to terminate him from the assignment despite a suspicion that his behavior was due to his disability is the functional equivalent of terminating Sunkett because of his disability." This proposition is derived from Sedor v. Frank, 42 F.3d 741, 746 (2d Cir.1994), cert. denied, 115 S.Ct. 2279 (1995). The Ninth Circuit, however, has declined to adopt the Second Circuit's approach and has held that "a termination based on misconduct rather than the disability itself [is] valid." Newland v. Dalton, 81 F.3d 904, 906 (9th Cir.1996); see also Collings v. Longview Fibre Co., 63 F.3d 828, 834-35 (9th Cir.1995) (terminating an employee on the basis of "isolated, specific incidents" of misconduct is not the equivalent of firing him solely because of a perceived disability), cert. denied, 116 S.Ct. 711 (1996). In Newland, this court explicitly rejected the suggestion that "if the misconduct is causally related to the disability it cannot be grounds for termination." Newland, 81 F.3d at 906. Thus, although Sunkett's behavior may have been precipitated by an epileptic seizure, the connection would not establish as a matter of law that Sunkett was terminated solely on the basis of his disability.
 
 
 7
 We conclude that the district court erred in deeming Olsten's proffered reasons pretextual and in finding dismissal on the basis of Sunkett's behavior to be the equivalent of intentional discrimination on the basis of his disability. Accordingly, we reverse and remand with instructions to enter judgment for Olsten.
 
 
 8
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3