Edwin OGAWA, Plaintiff–Appellant,

v.

William HENDERSON, Postmaster General,* Defendant–Appellee.

No. 99–17453.

D.C. No. CV–98–00356–SPK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2001.

Decided June 1, 2001.

Before B. FLETCHER, CANBY, and PAEZ, Circuit Judges.

MEMORANDUM **

Edwin Ogawa appeals from the district court's order granting the United States Postal Service ("USPS") summary judgment on his Rehabilitation Act claim.[1] A postal carrier, Ogawa suffered an on-the-job injury and alleges he was fired when

---

* William Henderson is substituted for his predecessor, Marvin Runyon, as Postmaster General of the United States Postal Service. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

1. Ogawa has waived any appeal from the district court's order granting summary judgment on his Family and Medical Leave Act claim by not raising it in his opening brief to this court. *See Zukle v. Regents of the Univ. of Calif.*, 166 F.3d 1041, 1045 n. 10 (9th Cir. 1999).

he was unable to continue performing his job. The USPS justifies Ogawa's termination on his excessive absenteeism and his failure to provide necessary medical documentation for those absences.

We review a district court's order granting summary judgment de novo. *Botosan v. Paul McNally Realty,* 216 F.3d 827, 830 (9th Cir.2000). The court's review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). *Adcock v. Chrysler Corp.,* 166 F.3d 1290, 1292 (9th Cir.), *cert. denied,* 528 U.S. 816, 120 S.Ct. 55, 145 L.Ed.2d 48 (1999). That is, the court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). Summary judgment is not proper if material factual issues exist for trial. *Meade v. Cedarapids, Inc.,* 164 F.3d 1218, 1221 (9th Cir.1999).

▆ The Rehabilitation Act prohibits discrimination "solely" on the basis of disability by federally-funded programs. *See* 29 U.S.C. § 794(a). "In order to make out a prima facie case under the Rehabilitation Act, [Ogawa] must show (1) that [he] was an 'otherwise qualified' handicapped individual for the purposes of the Act, and (2) that [he] was terminated because of [his] handicap." *Lucero v. Hart,* 915 F.2d 1367, 1371 (9th Cir.1990). The district court held that Ogawa had been terminated for his absenteeism, rather than his disability, and therefore did not reach the question whether Ogawa was otherwise qualified for a position with the USPS. Because we likewise find that Ogawa has not shown he was terminated solely on the basis of his disability, we affirm.

▆ The USPS based its termination of Ogawa on his failure to provide medical documentation after each absence, as required by its restricted sick leave policy. Employers may terminate otherwise disabled individuals who violate company rules. *See, e.g., Collings v. Longview Fibre Co.,* 63 F.3d 828, 833 (9th Cir.1995); *see also McGill v. Munoz,* 203 F.3d 843, 848 (D.C.Cir.2000) (holding that if the disciplinary action "complied with the written sick leave policy . . ., there is no evidence to support [the] contention that it was mere pretext."). The plain language of the USPS employment manual makes clear that the agency was not required to follow the procedures Ogawa suggests, and Ogawa has admitted he was placed on restricted sick leave. He has put forth no evidence to counter the USPS's contention that he did not comply.

Furthermore, Ogawa has failed to provide any evidence that the USPS's reliance on his absenteeism and failure to provide documentation was pretextual. In an effort to demonstrate pretext, Ogawa argues that he was treated differently from a similarly-situated employee, Paula Southcott. His only evidence in support of this contention is the decision of the arbitrator who initially heard his claim. However, the arbitrator ultimately found for the USPS, concluding:

> [T]he Union makes a convincing case that during the year 1993 the total time absent from work for [Southcott] and [Ogawa] was approximately the same, yet she was not disciplined. . . . This disparity, however, must be offset by comparing [Ogawa's] entire record to that of Ms. Southcott. . . . [T]here is nothing in the evidence to indicate that Ms. Southcott had any prior attendance record at all.

That is, the arbitrator concluded that Ogawa and Southcott were not actually similarly situated, because she did not have a

prior record of excessive absenteeism. Ogawa has not introduced into the court record the evidence he presented to the arbitrator. Nor has he introduced into the court record any new evidence to rebut the arbitrator's decision. Therefore, Ogawa has made no showing of pretext.

Because Ogawa has not raised a genuine issue of material fact regarding the basis for his termination, the district court's order is AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.