John DOE, a Minor (born 01/28/90) By his Next Friend, Jane Doe, And Jane DOE, Individually, Plaintiffs,

v.

STATE OF HAWAII DEPARTMENT OF EDUCATION; Sonia Zane; David Keala; Herman Aizawa; Ralph Murakami; Maude Yamakawa; Department of Education of the State of Hawaii by and through its Agent and/or Instrumentality A–Plus Program DBA A–Plus Program at Pukalani Elementary School, Defendants.

No. CIV. 00–00044ACK/KSC.

United States District Court,
D. Hawaiʻi.

March 22, 2004.

**1022**

Shelby Anne Floyd, Corianne W. Lau, Alston, Hunt Floyd & Ing, Stanley E. Levin, Davis Levin Livingston Grande, Edie A. Feldman, Law Office of Edie A. Feldman, Honolulu, HI, for Plaintiffs.

Cindy S. Inouye, Laurence K. Lau, Office of the Attorney General, Heidi M. Rian, Elizabeth A. Schaller, John Cregor, Jr., Gary Hynds, Kathleen N.A. Watanabe, Honolulu, HI, for Defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER FILED FEBRUARY 23, 2004 AND DENYING PLAINTIFFS' REQUEST FOR HEARING

KAY, District Judge.

This matter arises on Plaintiffs' motion for reconsideration[1] of the Court's February 23, 2004 Order in a case that stems from two separate incidents involving a second grade student with a disability at Pukalani Elementary School in February 1998.[2] In the Order, the Court (1) dismissed Plaintiff's Counter–Motion for Summary Judgment; (2) granted in part and denied in part State Defendants' Motion to Strike; (3) granted in part and denied in part State Defendants' Motion for Judgment on the Pleadings and Summary Judgment; and (4) denied Plaintiffs' Motion for Summary Judgment. *Doe v. Hawaii*, Civ. No. 00–00044 (D.Haw. Feb. 23, 2004). In their motion, Plaintiffs set forth thirteen "points of error" in challenging the Court's dismissal of their claims for money damages under Section 504 of the Rehabilitation Act ("Section 504"), along with other claims. However, Plaintiffs' arguments essentially focus on three categories: (1) their prima facie case under Section 504, (2) intentional discrimination, and (3) settlement and waiver. The Court addresses each in turn.

### DISCUSSION

Before discussing the motion for reconsideration, the Court finds the matter suitable for determination without a hearing and therefore DENIES Plaintiffs' request for hearing. *See* Local R. 7.2(e).

### I. Prima Facie Case

Plaintiffs argue that the Court erroneously held that Plaintiffs cannot establish a prima facie case on their Section 504 claim. They assert that the Court incorrectly determined that they could not establish that Defendants Keala and Zane discriminated against Plaintiff John solely by reason of his handicap.[3] In making this argument,

---

1. Plaintiffs also filed a request for hearing on their motion for reconsideration.

2. The Court provided a thorough discussion of the background of the case in its February 23, 2004 Order, and therefore incorporates that discussion without limitation. *See Doe v.*

*Hawaii*, 351 F.Supp.2d 998, 1001–05, 2004 WL 3029818, at slip op. 1–12 (D.Hawai'i 2004).

3. In its order, the Court also found that Plaintiffs cannot establish that Plaintiff John was excluded from participating in, or receiving

Plaintiffs allege that Plaintiff John was treated differently because of his disability.[4]

The Court, however, finds their argument unpersuasive. As discussed in the February 23, 2004 Order, neither Defendant Keala nor Defendant Zane knew that Plaintiff John was disabled at the time of the respective incidents,[5] and he was not excluded from participating in, receiving the benefits or services of Pukalani School and the A–Plus program, nor subject to discrimination solely because of his disability.[6] The Court accordingly finds no error in its determination that Plaintiffs cannot establish a prima facie violation of Section 504.

the benefits or services of Pukalani School and the A–Plus program. The Court is not persuaded otherwise by Plaintiffs' motion for reconsideration.

4. Plaintiffs attempt to argue that Defendants facially discriminated against Plaintiff John. However, the concept of facial discrimination does not apply to this case. *See infra* note 7.

5. Plaintiffs' arguments as to knowledge do not provide any new insight, and the Court therefore does not discuss the matter beyond its February 23, 2004 Order.

6. The Court further notes that in *Newland v. Dalton*, 81 F.3d 904 (9th Cir.1996), the Ninth Circuit held that although "the Rehabilitation Act ... protects employees from being fired solely because of their disability, they are still responsible for conduct which would otherwise result in their termination," even though that conduct arose from a disability. *Id.* at 906; (citing *Collings v. Longview Fibre Co.*, 63 F.3d 828, 833 (9th Cir.1995); *Maddox v. Univ. of Tenn.*, 62 F.3d 843, 848 (6th Cir.1995); *Despears v. Milwaukee County*, 63 F.3d 635, 636 (7th Cir.1995); *Little v. F.B.I.*, 1 F.3d 255, 259 (4th Cir.1993); *Teahan*, 951 F.2d at 516–17;); *see also. Martinson v. Kinney Shoe Corp.*, 104 F.3d 683, 686 n. 3 (4th Cir.1997) (noting that "misconduct—even misconduct related to a disability—is not itself a disability, and an employer is free to fire an employee

## II. *Intentional Discrimination*

Furthermore, Plaintiffs seek only monetary damages in their lawsuit and must therefore establish intentional discrimination. The Ninth Circuit has repeatedly held that recovery of money damages under Section 504 requires that "a plaintiff prove intentional discrimination on the part of the defendant." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) (citing *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir.1998)), *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002) (citing *Ferguson*, 157 F.3d at 674; *Memmer v. Marin County Courts*, 169 F.3d 630, 633 (9th Cir.1999)). Thus, Plaintiffs' assertion that they do not need to establish intentional discrimination to succeed on their Section 504 damages claim

on that basis"). Although Plaintiffs cite the Second Circuit's decision in *Teahan v. Metro–North Commuter R.R. Co.*, 951 F.2d 511 (2d Cir.1991) to support their argument that because Plaintiff John's behavior stemmed from his disability, Defendants Keala and Zane discriminated against John because of his disability, the Ninth Circuit expressly rejected *Teahan* in making its decision in *Newland*. *Newland*, 81 F.3d at 906.

Even though Judge Reinhardt distinguished the *Newland* line of cases as "involving illegal drug use or alcoholism" in *Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d 1128, 1140 n. 18 (9th Cir.2001), federal courts have applied the misconduct/disability distinction in cases which did not involve drug use or alcoholism. *E.g., Hamilton v. Southwestern Bell Telephone Co.*, 136 F.3d 1047, 1052 (5th Cir. 1998) (holding that "the ADA[ ] does not insulate [against] emotional or violent outbursts blamed on an impairment"), *quoted in Maes v. Henderson*, 33 F.Supp.2d 1281, 1288 (D.Nev.1999); *accord Sunkett v. Olsten Temporary Servs.*, 116 F.3d 1486, 1997 WL 349049 at *1 (9th Cir.1997) (the Court notes that it is not relying on this unpublished decision, pursuant to U.S.Ct.App. 9th Cir. Rule 36–3); *Ogawa v. Henderson*, 10 Fed.Appx. 587, 588, 2001 WL 599231 at *1 (9th Cir. 2001) (the Court notes that it is not relying on this unpublished decision, pursuant to U.S.Ct. App. 9th Cir. Rule 36–3).

directly contradicts clearly established Ninth Circuit law.

Although Plaintiffs can establish intentional discrimination by proving that Defendants acted with deliberate indifference to Plaintiff John's disability,[7] *Duvall*, 260 F.3d at 1138-39; *Lovell*, 303 F.3d at 1057, the Court finds it did not err when determining that Plaintiffs do not establish deliberate indifference.

Under the Ninth Circuit's decision in *Duvall v. County of Kitsap*, "[d]eliberate indifference requires both knowledge that a. harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." 260 F.3d at 1139. Moreover, "deliberate indifference does not occur where a duty to act may simply have been overlooked .... [A] failure to .act must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Id.*

■ Plaintiffs argue that because Defendants Keala and Zane intentionally struck or taped Plaintiff John, the *Duvall* requirement of deliberateness is satisfied. However, Plaintiffs conflate these intentional acts with deliberate indifference— the deliberateness of an action, even though improper, does not equate to deliberate indifference to a disability. As discussed in the Court's February 23, 2004 Order, the Court finds that neither Defendant Zane nor Defendant Keala acted with deliberate indifference to Plaintiff John's disability. Neither Defendant Keala nor Defendant Zane knew of the disability at the time of the respective incidents and Plaintiff John was not excluded from participating in, receiving the benefits or services of Pukalani School and the A-Plus program, nor subject to discrimination solely because of his disability.[8] Plaintiffs do not show that Defendants knew that a harm to a federally protected right was substantially likely,[9] or a failure to act upon that likelihood.

Thus, Plaintiffs do not establish the requisite elements to prove deliberate indifference on the part of Defendants. The Court accordingly finds no error in its determination that Plaintiffs cannot succeed on their claim for money damages under Section 504.

### III. Settlement and Waiver

■ Finally, Plaintiffs argue that the Court erroneously determined that they settled and waived their Section 504 claims and that they did not exhaust their administrative remedies. Plaintiffs assert that under *W.B. v. Matula*, 67 F.3d 484, 497 (3d Cir.1995), the waivers in the 2000 Compromise and Settlement Agreement and the 1999 Release and Settlement Agreement were not sufficient to release their claims. However, the Court finds that the waivers reflect a voluntary, deliberate and informed release of claims. *See Salmeron v.*

---

7. Plaintiffs also claim that Defendants' actions involving Plaintiff John constitute facial discrimination, and therefore establish intentional discrimination. Facial discrimination applies to laws, regulations or policies, and not to the instant matter. The Court therefore finds Plaintiffs' arguments as to facial discrimination unpersuasive.

8. The Court reiterates that no student, regardless of whether disabled, should have his head taped to a tree as in the Keala incident, or be smacked in the head as alleged in the Zane incident, and that these independent and isolated instances of inappropriate discipline do not establish discrimination against Plaintiff John because of his disability.

9. As discussed in the Court's February 23, 2004 Order, the Court does not impute knowledge of Plaintiff John's disability to either Defendant Zane or Defendant Keala. *Doe v. Hawaii*, Civ. No. 00-00044, 2004 WL 3029818 at *16 n. 31 (D.Hawai'i 2004) (citing *Duvall*, 260 F.3d at 1140 n. 15).

*United States,* 724 F.2d 1357, 1361 (9th Cir.1983), *cited in Matula,* 67 F.3d at 497.

In making the determination as to the validity of a waiver of a Section 504 claim, the *Matula* court looked at factors that included "(1) whether the language of the agreement was clear and specific; (2) the consideration given in exchange for the alleged waiver; (3) the signer was represented by counsel; (4) the signer received an adequate explanation of the document; (5) the signer had time to reflect upon it; and (6) the signer understood its nature and scope." *Matula,* 67 F.3d at 497.

First, the language of the settlement agreements is clear and specific. In particular, the March 8, 2000 Compromise and Settlement Agreement expressly states that:

> With respect to the settlement of claims which have been made, or might have been made under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Section 1400 et seq., Chapter 8–36, Hawai'i Administrative Rules, and Section 504 of the Vocational Rehabilitation Act, 29, U.S.C. 701 et. seq., for the provision of special education services up to the present time, Releasor *agrees to waive and release Releasee, its employees, officers agents and assigns, including David Keala,* from *any and all* claims or demands, obligations, actions, causes of action, rights, damages, cost, expenses, attorneys fees, and any compensation of any nature whatsoever.

(Compromise and Settlement Agreement executed Mar. 22, 2000 ¶ 8 (emphasis added).) Second, Plaintiffs received consideration as specified in the agreements. The consideration included reimbursement for transportation, over $4,000 in medical consultation fees, and a total of $13,500 in attorneys' fees. *Id.* ¶¶ 3–5; (Release and Settlement Agreement executed Feb. 22, 1999 at 4). Third, Plaintiffs were represented by counsel during the making of the agreements, undercutting any arguments as to whether Plaintiffs received an adequate explanation of the document, had adequate time to reflect upon it, and whether they understood its nature and scope.[10] The Court therefore affirms its decision that Plaintiffs waived or otherwise settled their Section 504 claims, and are thus barred from raising them in this lawsuit.

### CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Request for Hearing and DENIES Plaintiffs' Motion for Reconsideration.

IT IS SO ORDERED.

---

10. Furthermore, Plaintiffs' current counsel represented them for the March 2000 agreement, and approved the agreement as to form. *See* (March 22, 2000 Agreement at 6).